Bethany G. Lukitsch (SBN 314376)
Alexis Cruz (SBN 312842)
**BAKER & HOSTETLER LLP**
1900 Avenue of the Stars, Suite 2700
Los Angeles, CA 90067
Telephone: 310.820.8800
Facsimile: 310.820.8859
Emails: *blukitsch@bakerlaw.com*
*acruz@bakerlaw.com*

*Attorneys for Respondents*
INSPIRE BRANDS, INC. and ARBY'S RESTAURANT GROUP, INC.

**IN THE UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

BENJAMIN PAUL DE AYORA, an individual, on behalf of himself, the general public, and those similarly situated,

Petitioner,

v.

INSPIRE BRANDS, INC. and ARBY'S RESTAURANT GROUP, INC.,

Respondents.

Case No.: 3:25-CV-03645-AGT

**INSPIRE BRANDS, INC. AND ARBY'S RESTAURANT GROUP, INC.'S NOTICE OF MOTION AND MOTION TO VACATE ARBITRATION AWARD**

[*Filed concurrently with Declaration of Bethany G. Lukitsch and [Proposed] Order*]

Date: July 11, 2025
Time: 10:00 a.m.
Dept: Courtroom A

Petition filed: February 24, 2025

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA:**

PLEASE TAKE NOTICE that on July 11, 2025, at 10:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom A of the United States District Court for the Northern District of California, located at 450 Golden Gate Avenue, San Francisco, California 94102, Respondents Inspire Brands, Inc. and Arby's Restaurant Group, Inc. (collectively, "Respondents") will and hereby do move this Court for an Order vacating the Determination of Motion re Non-Arbitrability of Claims (the "Award"), issued on February 24, 2025 by Hon. Gary Nadler (Ret.) (the "Arbitrator") in *Benjamin Paul de Ayora v. Inspire Brands, LLC*; JAMS Reference No. 51000001564 (the "Arbitration") ("Motion").

Pursuant to Section 10 of the Federal Arbitration Act, 9 U.S.C. §§ 1, *et seq*., the Court should vacate the Award because the Court has jurisdiction over this matter, the Motion is timely, and the Arbitrator "exceeded [his] powers" by ruling on issues of waiver and arbitrability although there is no arbitration agreement with Benjamin Paul de Ayora that Inspire is a party to and for the Arbitrator to derive his powers from. *See* 9 U.S.C. § 10(a)(4). As the Arbitrator had no jurisdiction over the entire claim, he exceeded his powers in making any rulings against the Respondents.

The Motion is supported by this Notice of Motion, the following Memorandum of Points and Authorities, the accompanying Declaration of Bethany G. Lukitsch and [Proposed] Order, all papers on file in this matter, and any authority or argument as may be presented at any hearing.

Dated: May 27, 2025

**BAKER & HOSTETLER LLP**

By: */s/ Bethany G. Lukitsch*
Bethany G. Lukitsch
Alexis Cruz

*Attorneys for Respondents*
INSPIRE BRANDS, INC. and ARBY'S RESTAURANT GROUP, INC.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

## TABLE OF CONTENTS

I. INTRODUCTION .......... 5

II. THE PARTIES, JURISDICTION, AND VENUE .......... 5

A. The Parties .......... 5

B. Jurisdiction and Venue .......... 6

III. RELEVANT FACTUAL BACKGROUND .......... 6

IV. LEGAL ARGUMENT .......... 7

A. This Motion to Vacate the Award Is Timely .......... 7

B. This Court Has Authority to Vacate the Award .......... 8

C. The Award Should Be Vacated in Its Entirety Because the Arbitrator Exceeded His Powers—No Arbitration Agreement Existed with Inspire .......... 9

V. CONCLUSION .......... 11

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Bosack v. Soward*,
586 F.3d 1096 (9th Cir.2009) ....................9

*Coast Trading Co., Inc., v. Pac. Molasses Co.*,
681 F.2d 1195 (9th Cir.1982) ....................9

*Coinbase, Inc. v. Suski*,
602 U.S. 143 (2024)....................10

*Comedy Club, Inc. v. Improv W. Assocs.*,
553 F.3d 1277 (9th Cir. 2009) ....................9, 11

*Johnson v. Wells Fargo Home Mortg., Inc.*,
635 F.3d 401 (9th Cir. 2011) ....................8

*Kyocera Corp. v. Prudential-Bache Trade Servs., Inc.*,
341 F.3d 987 (9th Cir. 2003) ....................9

*Olsen v. U.S. ex rel. U.S. Dep't of Agric.*,
546 F. Supp. 2d 1122 (E.D. Wash. 2008), *aff'd sub nom. Olsen v. U.S. ex rel. Fed. Crop Ins. Corp.,* 334 F. App'x 834 (9th Cir. 2009)....................10

*PoweragentInc. v. Elec. Data Sys. Corp.*,
358 F.3d 1187 (9th Cir. 2004) ....................9

*Stevens v. Jiffy Lube International, Inc.*,
911 F.3d 1249 (9th Cir. 2018) ....................7

*Stolt-Nielsen S.A. v. Animal Feeds International Corp*.,
559 U.S. 662 (2010)....................9

**Statutes**

9 U.S.C. § 1, *et seq*....................5

9 U.S.C. § 10....................8

9 U.S.C. § 10(a) ....................6

9 U.S.C. § 10(a)(4)....................5, 9, 11

9 U.S.C. § 12....................7

28 U.S.C. § 1332....................6



BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

28 U.S.C. § 1391(b)(2) ....................6
9 USC § 10(a)(1) ....................8
9 USC § 10(a)(2) ....................8
9 USC § 10(a)(3) ....................8
9 USC § 10(a)(4) ....................8
Federal Arbitration Act ....................6, 7, 8

**Rules**

Fed. R. Civ. Proc. 6(a) ....................8
Fed. R. Civ. Proc. 6(a)(1) ....................8

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

Respondents Inspire Brands, Inc. ("Inspire") and Arby's Restaurant Group, Inc. ("Arby's," and together with Inspire, "Respondents") hereby submit this motion to vacate the Determination of Motion re Non-Arbitrability of Claims (the "Award"),[1] issued on February 24, 2025 by Hon. Gary Nadler (Ret.) (the "Arbitrator") in *Benjamin Paul de Ayora v. Inspire Brands, LLC*; JAMS Reference No. 51000001564, on the grounds that the Arbitrator exceeded his powers and so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made ("Motion"). *See* 9 U.S.C. § 1, *et seq.*; *see also* 9 U.S.C. § 10(a)(4). More specifically, the Arbitrator exceeded his authority by deciding issues of waiver and arbitrability because Inspire was not a party to any arbitration agreement with Paul de Ayora ("Petitioner" or "de Ayora"). Not once does Petitioner allege that he visited Inspire's website, thereby entering into an arbitration agreement with Inspire. Moreover, even if he had, at no time did Inspire have arbitration terms of use that would plausibly govern a website visit and/or create a contract between de Ayora and Inspire. Nevertheless, the Arbitrator determined that he, rather than a Court, had the authority to determine whether an arbitration agreement was formed. It was on this basis that the Arbitrator determined he had no jurisdiction over Petitioner's entire claim against Inspire and Arby's. Now, de Ayora is seeking confirmation from this Court of an Award that never should have been issued against Respondents in the first place. Based on well-established principles of arbitration law and precedent, the Court should vacate the Award.

## II. THE PARTIES, JURISDICTION, AND VENUE

### A. The Parties

Respondent Inspire Brands, Inc. is a Delaware corporation with its principal place of business in Georgia.

[1] Respondents intend to oppose de Ayora's Petition to Confirm Arbitration Award on the grounds that the Award is not final and therefore may not be confirmed by this Court. To the extent the award is final, Inspire and Arby's bring this Motion to vacate the same.



BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

Respondent Arby's Restaurant Group, Inc. is a Delaware corporation with its principal place of business in Georgia.

Upon information and belief, Petitioner Benjamin Paul de Ayora is a natural person who is domiciled in California and intends to remain, and make his permanent home, in California. (*See* Dkt. 1, ¶ 7.)

**B. Jurisdiction and Venue**

According to de Ayora's Petition to Confirm Arbitration Award ("Petition"), this Court has subject matter jurisdiction under 28 U.S.C. § 1332 because there is complete diversity of citizenship between de Ayora and Inspire and Arby's, and the amount in controversy (i.e., the amount of the Award) exceeds $75,000. (*See* Dkt. 1, ¶¶ 10-11.)

According to de Ayora's Petition, this Court has personal jurisdiction over de Ayora, Inspire, and Arby's for the limited purpose of confirming or vacating the Award because San Francisco, California is where the Arbitration was conducted and where the Award was issued—which is the subject of this Motion. (*See* Dkt. 1, ¶¶ 12, 13.)

According to de Ayora's Petition, venue is proper in this Court pursuant to 9 U.S.C. § 10(a), which permits a petition to confirm or vacate an arbitration award where the award was made, because San Francisco, California is where the Arbitration was conducted and where the Award was issued. (*See* Dkt. 1, ¶¶ 14-15.) Venue is also proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events (i.e., the Arbitration) giving rise to the Motion occurred within this District. (*See id.*)

**III. RELEVANT FACTUAL BACKGROUND**

On April 29, 2024, de Ayora commenced the Arbitration against Inspire Brands LLC only in San Franscisco before JAMS, asserting fourteen statutory and common law violations against Arby's, Inspire Brands LLC, and Inspire Brands LLC's other restaurants, stemming from a single visit to *Arby's* website and an alleged interaction with the website's cookie banner. (Declaration of Bethany G. Lukitsch ("Lukitsch Decl."), ¶ 2.) Hon. Gary Nadler (Ret.) was assigned as the Arbitrator. (Dkt. 1, ¶ 21.)

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

Following an initial conference on November 6, 2024, the Arbitrator ordered briefing regarding his jurisdiction and arbitrability. (*Id.* at ¶ 22.) On November 7, 2024, de Ayora filed an Amended Complaint and Demand for Arbitration ("Demand"), which substituted Inspire Brands, Inc. for Inspire Brands LLC and added Arby's as a named party. (*See id.* at ¶ 23, Ex. B; *see also* Lukitsch Decl., ¶ 3.) In this Demand, de Ayora alleged that at some point "[d]uring the last year he visited Arby's website." (Dkt. 1, Ex. B, ¶ 42.) The Demand does not contend that de Ayora visited the Inspire website or the websites of any other Inspire brands (i.e. Dunkin, Baskin Robbins, Sonic, etc.). (*See generally id.*)

After receiving briefing and supporting evidence from the parties, the Arbitrator issued the Award dated February 24, 2025, finding that de Ayora did not waive his right to contest arbitrability, and that the Arbitrator had the authority to decide whether de Ayora's claim was arbitrable. (*See* Dkt. 1, ¶ 24, Ex. A.) In conclusion, however, the Arbitrator determined that he did not have jurisdiction to hear the case because de Ayora only pled that he visited and viewed content on Arby's website, meaning there was no arbitration agreement as to Inspire. (*See id*. at p. 8 ("There is only one arbitration clause at issue, and no more.").) The Arbitrator dismissed de Ayora's entire claim on this basis. (*See id*.) JAMS subsequently issued a closing letter dated April 4, 2025, confirming that it had closed the Arbitration. (Dkt. 1, ¶ 25, Ex. C.)

On February 24, 2025, following issuance of the Award, de Ayora filed his Petition seeking the Court's confirmation of the resulting Award. (*See* Dkt. 1.) Inspire and Arby's have not yet responded to this Petition, but intend to do so by the June 16, 2025 deadline. (*See* Dkt. 11.)

## IV. LEGAL ARGUMENT

### A. This Motion to Vacate the Award Is Timely

A party seeking to vacate, modify, or correct an arbitration award under the Federal Arbitration Act (the "FAA") must serve notice of the motion on all parties within three months after the award is filed or delivered. 9 U.S.C. § 12. Courts look to Federal Rules of Civil Procedure in calculating the deadline to file a motion to vacate an arbitration award. *Stevens v. Jiffy Lube International, Inc.*, 911 F.3d 1249, 1252 (9th Cir. 2018) (explaining that "[t]he Federal Rules of



BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

Civil Procedure apply to FAA proceedings *unless* the FAA 'provide[s] other procedures,' and since the FAA "does not 'provide…procedures' for calculating the 'withing three months' period," courts "look to Rule 6"). Rule 6(a) states:

> When the period is stated in days or a longer unit of time: (a) exclude the day of the event that triggers the period; (b) count every day, including intermediate Saturdays, Sundays, and legal holidays; and (C) include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.

Fed. R. Civ. Proc. 6(a)(1).

The instant Motion is timely. The Award was filed and served on February 24, 2025. (*See* Dkt. 1, ¶ 24, Ex. A.) Hence, the calculation begins by excluding the first day, February 24, 2025, when the Arbitrator issued the Award. The first month began on February 25, 2025 and ended March 24, 2025; the second month began on March 25, 2025 and ended April 24, 2025; and the third month began on April 25, 2025 and ended on May 24, 2025. However, because the last day of this period (May 24, 2025) is a Saturday, the period continues to run until the end of the next day that is not a weekend or legal holiday (May 26, 2025). *See* Fed. R. Civ. Proc. 6(a)(1); 6(a)(6)(A) ("Legal holiday" means: the day set aside by statute for observing … Memorial Day."). Accordingly, the deadline for Inspire and Arby's to file this Motion is May 27, 2025. The Motion is therefore timely, and the Court must consider and rule on the same. *See Johnson v. Wells Fargo Home Mortg., Inc.*, 635 F.3d 401, 411-12 (9th Cir. 2011) (the Court cannot decline to consider a timely motion to vacate).

### B. <u>This Court Has Authority to Vacate the Award</u>

Under the FAA, 9 U.S.C. § 10, this Court is empowered to vacate an arbitration award on one of the following grounds: "(1) where the award was procured by corruption, fraud, or undue means; (2) where there was evident partiality or corruption in the arbitrators, or either of them; (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or (4) *where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and*

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

*definite award upon the subject matter submitted was not made*." 9 USC §§ 10(a)(1)-(4) (emphasis added). If this Court vacates the arbitration award and the time within which the parties' agreement required the award to be made has not expired, it may order a rehearing by the arbitrators. *Id.* § 10(b); *see also Stolt-Nielsen S.A. v. Animal Feeds International Corp*., 559 U.S. 662, 677 (2010).

### C. <u>The Award Should Be Vacated in Its Entirety Because the Arbitrator Exceeded His Powers—No Arbitration Agreement Existed with Inspire</u>

The law is clear that the FAA permits vacatur "where the arbitrator exceeded [his] powers," which occurs where the award he issues is irrational or exhibits a manifest disregard of the law. *Kyocera Corp. v. Prudential-Bache Trade Servs., Inc.,* 341 F.3d 987, 997 (9th Cir. 2003) (internal quotations and citations omitted); *see also* 9 U.S.C. § 10(a)(4). An award is irrational "where the arbitration decision fails to draw its essence from the agreement." *Comedy Club, Inc. v. Improv W. Assocs.,* 553 F.3d 1277, 1288 (9th Cir. 2009) (quoting *PoweragentInc. v. Elec. Data Sys. Corp.,* 358 F.3d 1187, 1193 (9th Cir. 2004)). The award "draws its essence from the agreement if the award is derived from the agreement, viewed in light of the agreement's language and context, as well as other indications of the parties' intentions." *Bosack v. Soward,* 586 F.3d 1096, 1106 (9th Cir.2009) (citations and internal quotation marks omitted); *see also Coast Trading Co., Inc., v. Pac. Molasses Co.*, 681 F.2d 1195, 1197 (9th Cir.1982) (holding an "arbitrator is confined to the interpretation and application of the parties' agreement"). An award exhibits a manifest disregard of the law where it is "clear from the record that the arbitrator [] recognized the applicable law and then ignored it." *Comedy Club, Inc.*, 553 F.3d at 1290 (internal quotations and citations omitted).

As the Supreme Court explains, "courts and arbitrators must give effect to the contractual rights and expectations of the parties" because "the parties' intentions control." *Stolt-Nielsen S.A. v. Animal Feeds International Corp*., 559 U.S. 662, 682 (2010). "[A]n arbitrator derives his or her powers from the parties' agreement to forgo the legal process and submit their disputes to private dispute resolution." *Id.* Thus, the arbitrator's authority is limited to the parties and claims explicitly covered by the arbitration agreement, and any extension beyond this scope would exceed

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

the tribunal's powers and be subject to vacatur by the courts. *See Comedy Club, Inc.,* 553 F.3d at 1286 (affirming district court's vacatur of arbitration award where arbitrator acted beyond scope of his authority by attempting to bind all of respondent's affiliates who were not parties to trademark agreement); *see also Olsen v. U.S. ex rel. U.S. Dep't of Agric.*, 546 F. Supp. 2d 1122, 1129 (E.D. Wash. 2008), *aff'd sub nom. Olsen v. U.S. ex rel. Fed. Crop Ins. Corp.,* 334 F. App'x 834 (9th Cir. 2009) (vacating arbitration awards based on findings that arbitrators lacked jurisdiction because arbitrators assumed jurisdiction without a court decision confirming existence of any arbitration agreement, rendering awards invalid).

Here, the Award is both exhibits a manifest disregard of the law and lacks rational logic. *Before* determining that he lacked jurisdiction to hear the case against Inspire and Arby's, the Arbitrator found that de Ayora did not waive his right to contest arbitrability, and that the Arbitrator did in fact have authority to decide whether the claim was arbitrable. (*See* Dkt. 1, ¶ 24, Ex. A.) But answering questions on waiver and arbitrability—i.e., does the dispute fall within the scope of a valid arbitration agreement, and did de Ayora waive his right to contest the force and effect of that agreement—required the Arbitrator to first look at whether there was any agreement between de Ayora and Inspire and de Ayora and Arby's. And there was no contract of any kind between de Ayora and Inspire. Petitioner never alleged that he visited Inspire's website, which is how he would have entered into a contract with Inspire. Nor was there any potential arbitration clause associated with Inspire's website. This means the parties never mutually agreed to forgo the legal process and submit the dispute to arbitration. Thus, there was no arbitration provision for the Arbitrator to analyze to answer the questions on waiver and arbitrability.

The record is clear that the Arbitrator failed to give effect to the contractual rights and expectations of the parties. In fact, de Ayora alleges no contract whatsoever between himself and Inspire as to grant the Arbitrator *any* authority to hear the claims against Respondents. The Arbitrator ultimately recognized this, and on this basis, expressly determined that he did not have jurisdiction to hear de Ayora's *entire* case (i.e., no jurisdiction over the claims against Inspire *or*

*Arby's*).[2] Petitioner cannot argue that he was not bound by any agreement to arbitrate, but then simultaneously argue that Respondents are bound to the Award without any showing that an arbitration agreement existed with Inspire. Thus, because the Arbitrator exceeded his authority in ruling on the issues of waiver and arbitrability, and the Award failed to "draw its essence from the agreement," the Court should grant this Motion and vacate the Award as to both Inspire and Arby's. *See* 9 USC § 10(a)(4); *see also Comedy Club, Inc.,* 553 F.3d at 1288.

## V. <u>CONCLUSION</u>

For the foregoing reasons, the entire Award should be vacated under 9 U.S.C. § 10(a)(4) as wholly exceeding the Arbitrator's power to analyze de Ayora's claims.

Dated: May 27, 2025

**BAKER & HOSTETLER LLP**

By: */s/ Bethany G. Lukitsch*
Bethany G. Lukitsch
Alexis Cruz

*Attorneys for Respondents*
INSPIRE BRANDS, INC. and ARBY'S RESTAURANT GROUP, INC.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

[2] Even if the Award is interpreted to recognize one potential arbitration agreement on the Arby's website purportedly governing de Ayora's visit to www.arbys.com—over which Judge Nadler could *potentially* determine arbitrability—*Coinbase, Inc. v. Suski*, 602 U.S. 143 (2024) would dictate the same result as he lacked the ability to issue the Award as to Inspire and thus lacked the ability to determine arbitrability over the entire dispute.