Bethany G. Lukitsch (SBN 314376)
Alexis Cruz (SBN 312842)
**BAKER & HOSTETLER LLP**
1900 Avenue of the Stars, Suite 2700
Los Angeles, CA 90067
Telephone: 310.820.8800
Facsimile: 310.820.8859
Emails: *blukitsch@bakerlaw.com*
*acruz@bakerlaw.com*

*Attorneys for Respondents*
INSPIRE BRANDS, INC. and ARBY'S RESTAURANT GROUP, INC.



**IN THE UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

BENJAMIN PAUL DE AYORA, an individual, on behalf of himself, the general public, and those similarly situated,

Petitioner,

v.

INSPIRE BRANDS, INC. and ARBY'S RESTAURANT GROUP, INC.,

Respondents.

Case No.: 3:25-CV-03645-AGT

**RESPONDENTS INSPIRE BRANDS, INC. AND ARBY'S RESTAURANT GROUP, INC.'S RESPONSE TO PETITION TO CONFIRM ARBITRATION AWARD**

[*Filed concurrently with Declaration of Bethany G. Lukitsch*]

Petition filed: February 24, 2025

## TABLE OF CONTENTS


I. INTRODUCTION .......... 1

II. RELEVANT FACTUAL BACKGROUND .......... 2

III. LEGAL ARGUMENT .......... 3

A. This Court Cannot Confirm the Award .......... 3

B. The Award Is Not a Final Determination That May Be Confirmed Under Sections 9 and 10 of the FAA .......... 5

C. The Court Should Consider de Ayora's Petition to Confirm and Respondents' Motion to Vacate Together .......... 7

IV. CONCLUSION .......... 7


BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bosack v. Soward*,
586 F.3d 1096 (9th Cir. 2009) ....................3

*Caremark LLC v. USRC Pharmacy, LLC*,
No. CV-22-02127-PHX-GMS, 2023 WL 8109602 (D. Ariz., Nov. 22, 2023) ....................5

*Carpenters 46 N. Cal. Cntys. Conf. Bd. v. Meddles*,
535 F.Supp. 775 (1981) ....................7

*Coast Trading Co., Inc., v. Pac. Molasses Co.*,
681 F.2d 1195 (9th Cir. 1982) ....................3

*Coinbase, Inc. v. Suski*,
602 U.S. 143 (2024)....................4

*Comedy Club, Inc. v. Improv W. Assocs.*,
553 F.3d 1277 (9th Cir. 2009) ....................3, 5

*ConnTech Dev. Co. v. Univ. of Conn. Educ. Props., Inc.*,
102 F.3d 677 (2nd Cir. 1996)....................5

*Hawaiian Host, Inc. v. Citadel Pacific Ltd.*,
637 F. Supp. 3d 1083 (2022) ....................7

*Johnson v. Wells Fargo Home Mortg., Inc.*,
635 F.3d 401 (9th Cir. 2011) ....................7

*Judge v. Nijjar Realty, Inc.*,
232 Cal. App. 4th 619 (2014) ....................6

*Kyocera Corp. v. Prudential-Bache Trade Servs., Inc.*,
341 F.3d 987 (9th Cir. 2003) ....................3

*Millmen Local 550 v. Wells Exterior Trim*,
828 F.2d 1373 (9th Cir. 1987) ....................5

*New United Motor Mfg. v. UAW Local 2244*,
617 F. Supp. 2d 948 (N.D. Cal. 2008) ....................5

*Orion Pictures Corp. v. Writers Guild of Am. W., W., Inc.*,
946 F.2d 722 (9th Cir. 1991) ....................6

*Pac. Reinsurance Mgmt. Corp. v. Ohio Reinsurance Corp.*,
935 F.2d 935 (9th Cir. 1991) ....................6

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

*Remmey v. PaineWebber, Inc.*,
32 F.3d 143 (4th Cir. 1994) ....................5

*Rocket Jewelry Box, Inc. v. Noble Gift Packaging, Inc.*,
157 F.3d 174 (2nd Cir. 1998)....................5

*Stolt-Nielsen S.A. v. Animal Feeds Int'l Corp.*,
559 U.S. 662 (2010)....................3

*Toal v. Tardif*,
178 Cal. App. 4th 1208 (2009) ....................3

*United Paperworkers Int'l Union, AFL-CIO v. Misco, Inc.*,
484 U.S. 29 (1987)....................6

*Venetian Casino Resort, L.L.C. v. Lehrer McGovern Bovis, Inc.*,
92 Fed. Appx. 402 (9th Cir. 2004)....................5

**Statutes**

9 U.S.C. § 1, *et seq*....................1

9 U.S.C. § 10(a)(4)....................1, 3, 5

9 U.S.C. § 10(d) ....................5

Cal. Civ. Proc. Code § 1238.4 ....................6

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

Paul de Ayora's ("Petitioner" or "de Ayora") Petition to Confirm ("Petition") the Determination of Motion re Non-Arbitrability of Claims ("Award"), issued on February 24, 2025 by Hon. Gary Nadler (Ret.) ("Arbitrator") in *Benjamin Paul de Ayora v. Inspire Brands, LLC*, JAMS Reference No. 51000001564, should be denied. As set forth in the pending Motion to Vacate the Arbitration Award (*see* Dkt. 12) filed by Respondents Inspire Brands, Inc. ("Inspire") and Arby's Restaurant Group, Inc. ("Arby's," and together with Inspire, "Respondents"), the Arbitrator exceeded his powers and so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made. *See* 9 U.S.C. § 1, *et seq.*; *see also* 9 U.S.C. § 10(a)(4). More specifically, the Arbitrator exceeded his authority by deciding issues of waiver and arbitrability because Inspire was not a party to any arbitration agreement with Petitioner. Not once does Petitioner allege that he visited Inspire's website, thereby entering into an arbitration agreement with Inspire. (*See generally* Petition ("Pet.").) Even if he had, at no time did Inspire have arbitration terms of use that would plausibly create a contract between de Ayora and Inspire. Yet the Arbitrator determined that he, rather than a court, had the authority to determine whether an arbitration agreement was formed between de Ayora and Inspire and de Ayora and Arby's. It was on this basis that the Arbitrator determined he had no jurisdiction over Petitioner's entire claim against Inspire and Arby's.

Now, de Ayora is seeking confirmation from this Court of an Award that never should have been issued against Respondents in the first place. Because the Arbitrator had no authority to determine the issues of contract formation characterized by de Ayora as "arbitrability" and ultimately dismissed the entire dispute, any determination on that issue remains open and pending as to at least Inspire. Moreover, de Ayora filed a fourteen-count demand in JAMS. None of the substantive issues before JAMS were the subject of arbitration or part of the Award. The Award is therefore not final, and the Court lacks the authority to confirm the Award. The Court should deny the Petition and vacate the Award.

## II. RELEVANT FACTUAL BACKGROUND

On April 29, 2024, de Ayora commenced the Arbitration against Inspire Brands LLC in San Francisco before JAMS, asserting **fourteen** statutory and common law claims stemming from a single visit to *Arby's* website and an alleged interaction there with the website's cookie banner. (Declaration of Bethany G. Lukitsch ("Lukitsch Decl."), ¶ 2.) Hon. Gary Nadler (Ret.) was assigned as the Arbitrator. (Pet. at ¶ 21.)

Following an initial conference on November 6, 2024, the Arbitrator ordered briefing regarding "arbitrability" in response to de Ayora's claim that he was not subject to a binding arbitration agreement. (*Id.* at ¶ 22.) On November 7, 2024, de Ayora filed an Amended Complaint and Demand for Arbitration ("Demand"), which substituted Inspire Brands, Inc. for Inspire Brands LLC and added Arby's as a named party. (*See id.* at ¶ 23, Ex. B; *see also* Lukitsch Decl., ¶ 3.) In this Demand, de Ayora alleged that at some point "[d]uring the last year he visited Arby's website." (Pet., Ex. B, ¶ 42.) The Demand does not contend that de Ayora visited the Inspire website or the websites of any other Inspire brands (i.e. Dunkin, Baskin Robbins, Sonic, etc.). (*See generally id.*)

After receiving briefing and supporting evidence from the parties, the Arbitrator issued the Award dated February 24, 2025, finding that de Ayora did not waive his right to contest arbitrability, and that the Arbitrator had the authority to decide whether de Ayora's claim was "arbitrable." (*See* Pet., ¶ 24, Ex. A.) In conclusion, however, the Arbitrator determined that he did not have jurisdiction to hear the case because de Ayora only pled that he visited and viewed content on Arby's website, meaning there was no arbitration agreement as to Inspire. (*See id*. at p. 8 ("There is only one arbitration clause at issue, and no more.").) The Arbitrator dismissed de Ayora's entire claim on this basis. (*See id*.) JAMS subsequently issued a closing letter dated April 4, 2025, confirming that it had closed the Arbitration. (*Id.* at ¶ 25, Ex. C.)

On February 24, 2025, following issuance of the Award, de Ayora filed his Petition seeking the Court's confirmation of the resulting Award. (*See generally* Pet.)

On May 27, 2025, Respondents filed a motion seeking to vacate the Award ("Motion to Vacate"). (Dkt. 12.) This Motion to Vacate is set to be heard by the Court on July 18, 2025. (*Id.*)

## III. LEGAL ARGUMENT

### A. This Court Cannot Confirm the Award

Petitioner asks this Court for an order confirming the February 24, 2025 Award from the Arbitrator, in which Judge Nadler found that (i) de Ayora did not waive his right to contest arbitrability, (ii) the Arbitrator had the authority to decide threshold arbitrability issues, and (iii) the Arbitrator did not have jurisdiction to hear the entire case. (*See id.* at ¶ 24, Ex. A.) However, before a court can confirm an arbitration award, it must first find the existence of a valid arbitration award. *Toal v. Tardif*, 178 Cal. App. 4th 1208, 1220-21 (2009) ("[A]bsent an enforceable agreement, an arbitration award is invalid" and may not be confirmed); *Stolt-Nielsen S.A. v. Animal Feeds Int'l Corp*., 559 U.S. 662, 682 (2010) ("[C]ourts and arbitrators must give effect to the contractual rights and expectations of the parties" because "the parties' intentions control."). That is, an arbitration award must "draw its essence from an agreement," which is so only if "the award is derived from the agreement, viewed in light of the agreement's language and context, as well as other indications of the parties' intentions." *Bosack v. Soward,* 586 F.3d 1096, 1106 (9th Cir. 2009) (citations and internal quotation marks omitted); *see also Coast Trading Co., Inc., v. Pac. Molasses Co.*, 681 F.2d 1195, 1197 (9th Cir. 1982) (holding an "arbitrator is confined to the interpretation and application of the parties' agreement"). Accordingly, the arbitrator's authority is limited to the parties and claims explicitly covered by the arbitration agreement, and any extension beyond this scope would exceed the tribunal's powers and be subject to vacatur by the courts. *Comedy Club, Inc. v. Improv W. Assocs.,* 553 F.3d 1277, 1286 (9th Cir. 2009) (affirming district court's vacatur of arbitration award where arbitrator acted beyond scope of his authority by attempting to bind all of respondent's affiliates who were not parties to trademark agreement); *see also Kyocera Corp. v. Prudential-Bache Trade Servs., Inc.,* 341 F.3d 987, 997 (9th Cir. 2003) (internal quotations and citations omitted); 9 U.S.C. § 10(a)(4).

Here, this Court does not have the authority to confirm the Award because the Award does not draw its essence from an agreement between Petitioner and Respondents. *Before* determining that he lacked jurisdiction to hear the case against Inspire and Arby's, the Arbitrator found that de Ayora did not waive his right to contest arbitrability, and that the Arbitrator did in fact have

authority to decide whether the claim was arbitrable. (*See* Pet., ¶ 24, Ex. A.) But answering questions on waiver and arbitrability—i.e., does the dispute fall within the scope of a valid arbitration agreement, and did de Ayora waive his right to contest jurisdiction of a tribunal he chose—required the Arbitrator to first look at whether there was any agreement between de Ayora and Inspire and de Ayora and Arby's. But issues of contract formation are issues ***for a court to resolve, not the arbitrator***. *Coinbase, Inc. v. Suski*, 602 U.S. 143, 151 (2024) ("[W]here a challenge applies 'equally' to the whole contract and to an arbitration or delegation provision, a court must address that challenge.") (citations omitted). And there was no contract of any kind between de Ayora and Inspire. Petitioner never alleged that he visited Inspire's website, which is how he would have entered into a contract with Inspire. Nor was there any potential arbitration clause associated with Inspire's website. In other words, the parties never mutually agreed to forgo the legal process and submit the dispute to arbitration, and there was no arbitration provision for the Arbitrator to analyze to answer the questions on waiver and arbitrability. Moreover, the Arbitrator also lack jurisdiction to determine whether a contract was formed between de Ayora and Arby's. In the underlying Arbitration, the issue characterized by Plaintiff as "arbitrability" as to Arby's was in fact one of contract formation, again reserved to the courts.

The record is clear that the Arbitrator failed to give effect to the contractual rights and expectations of the parties. In fact, de Ayora alleges no contract whatsoever between himself and Inspire as to grant the Arbitrator *any* authority to hear the claims against Respondents. The Arbitrator ultimately recognized this, and on this basis, expressly determined that he did not have jurisdiction to hear de Ayora's *entire* case (i.e., no jurisdiction over the claims against Inspire *or Arby's*).[1] Petitioner cannot argue that he was not bound by any agreement to arbitrate, but then simultaneously argue that Respondents are bound to the Award without any showing that an arbitration agreement existed between the parties. Thus, because the Arbitrator exceeded his

[1] Even if the Award is interpreted to recognize one potential arbitration agreement on the Arby's website purportedly governing de Ayora's visit to www.arbys.com—over which Judge Nadler could *potentially* determine arbitrability—*Coinbase, Inc. v. Suski*, 602 U.S. 143 (2024) would dictate the same result as not only did Judge Nadler lack the ability to issue the Award as to Inspire and thus lacked the ability to determine arbitrability over the entire dispute, but he also lacked the ability to determine whether an arbitration contract was formed between de Ayora and Arby's. *See id.* at 150-51.



BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

authority in ruling on the issues of waiver and arbitrability, and the Award failed to "draw its essence from the agreement," the Court should deny the Petition and vacate the Award as to both Inspire and Arby's. *See* 9 USC § 10(a)(4); *see also Comedy Club, Inc.,* 553 F.3d at 1288.

**B. The Award Is Not a Final Determination That May Be Confirmed Under Sections 9 and 10 of the FAA**

de Ayora brings his Petition pursuant to Section 9 of the FAA, which provides that "any party to the arbitration may apply to the court…for an order conforming ***the award***[.]" 9 U.S.C. § 9 (emphasis added). However, an arbitration award is ripe for judicial confirmation only when it is the final determination of the arbitrator. *See Caremark LLC v. USRC Pharmacy, LLC*, No. CV-22-02127-PHX-GMS, 2023 WL 8109602, at *3 (D. Ariz., Nov. 22, 2023) (citing *Venetian Casino Resort, L.L.C. v. Lehrer McGovern Bovis, Inc*., 92 Fed. Appx. 402, 402 (9th Cir. 2004)). Tentative or interim awards should not be confirmed, as "judicial intervention prior to the final award ... would interfere with the purpose of arbitration: the speedy resolution of grievances without the time and expense of court proceedings." *Millmen Local 550 v. Wells Exterior Trim,* 828 F.2d 1373, 1375 (9th Cir. 1987). Accordingly, the FAA allows a district court to vacate an award that is not a "mutual, final, and definite award upon the subject matter submitted ...." 9 U.S.C. § 10(d).

An arbitration award is not "mutual, definite, and final" under the FAA unless it resolves ***all issues submitted to arbitration***, so that "no further litigation is necessary to finalize the obligations of the parties." *New United Motor Mfg. v. UAW Local 2244,* 617 F. Supp. 2d 948, 954 (N.D. Cal. 2008) (citing to *ConnTech Dev. Co. v. Univ. of Conn. Educ. Props., Inc.*, 102 F.3d 677, 686 (2nd Cir. 1996)); *accord Rocket Jewelry Box, Inc. v. Noble Gift Packaging, Inc.,* 157 F.3d 174, 176 (2nd Cir. 1998); *Remmey v. PaineWebber, Inc*., 32 F.3d 143, 150 (4th Cir. 1994) (award stating that all claims made by claimant "shall be and are hereby dismissed in *all* respects" was "final" and "definite" under the FAA) (emphasis added).

Here, the Award has not finally and conclusively disposed of the issues submitted to the Arbitration. Petitioner submitted fourteen claims to JAMS for arbitration. (*See generally* Pet., Ex. B.) Only after filing a full Complaint did de Ayora request that the Court first address issues of contract formation, characterized as "arbitrability." Although the Arbitrator determined that de

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

Ayora did not waive his right to contest the proper tribunal by filing with JAMS, and that the Arbitrator did in fact have authority to decide whether the claim was arbitrable (*see id.*, ¶ 24, Ex. A), Judge Nadler ultimately recognized his lack of authority to make such determination as to Inspire and, on this basis, dismissed the entire dispute. (*See id.*) Indeed, the Arbitrator titled the document that de Ayora now seeks to confirm a "Determination on Claimant's Motion Regarding Non-Arbitrability of Dispute," not a "Final Award." (*Id.*) That the Arbitrator first considered the issues of wavier and arbitrability should not distract the Court from what the Arbitrator ultimately determined—that he had no authority to rule on the issues submitted to him because no arbitration agreement binding Inspire to the Arbitration was ever alleged and de Ayora himself contested the formation of an agreement between himself and Arby's. That is, although the Arbitrator seemingly determined the issue of "arbitrability," such determination was found inapplicable as to Inspire (and likewise should have been outside of jurisdiction for Arby's). Even if the Court finds the Arbitrator resolved one issue before him—whether a binding arbitration agreement existed—as the Award did not resolve *all issues* Petitioner submitted to Arbitration, it was not a "final award" under Section 9 of the FAA. *See Judge v. Nijjar Realty, Inc.*, 232 Cal. App. 4th 619, 633–34 (2014) (finding arbitrator's decision resolving "threshold matter" regarding arbitrability was not confirmable final "award" that can be appealed under Cal. Civ. Proc. Code § 1238.4); *see also Orion Pictures Corp. v. Writers Guild of Am. W., W., Inc.*, 946 F.2d 722, 724 (9th Cir. 1991) (affirming restriction on review of an arbitrator's ruling resolving only *preliminary* issue of whether he had authority to decide arbitrability was not a "final" award reviewable pursuant to Labor Management Relations Act ("LMRA")); *cf. United Paperworkers Int'l Union, AFL-CIO v. Misco, Inc*., 484 U.S. 29, 40 & n.9 (1987) (using FAA for guidance in LMRA case and noting many federal courts do the same); *Pac. Reinsurance Mgmt. Corp. v. Ohio Reinsurance Corp.*, 935 F.2d 935, 1022 (9th Cir. 1991) (relying on LMRA cases in determining whether arbitrator's interim order was reviewable under the FAA).

Accordingly, this Court lacks authority to grant de Ayora's Petition to Confirm the Award and should therefore deny the same.

### C. The Court Should Consider de Ayora's Petition to Confirm and Respondents' Motion to Vacate Together

Although the Court has a narrow standard of review, when it is presented with a motion to vacate, it must consider and rule on the motion. *See Johnson v. Wells Fargo Home Mortg., Inc.*, 635 F.3d 401, 411–12 (9th Cir. 2011) (holding district court cannot decline to consider motion). Courts have thus held hearings on a petition to confirm and a counter-motion to vacate an arbitration award concurrently on the same day. *See e.g.*, *Carpenters 46 N. Cal. Cntys. Conf. Bd. v. Meddles*, 535 F.Supp. 775, 777-79 (1981) (concurrently considering both a motion to vacate and a motion to confirm); *Hawaiian Host, Inc. v. Citadel Pacific Ltd.*, 637 F. Supp. 3d 1083, 1090 (2022) (same). As of the time of filing this Response, the hearing for Respondents' Motion to Vacate is scheduled for July 18, 2025. The current briefing schedule for the Petition to confirm the Award allows sufficient time for the Court to consider all submitted briefs for both the Petition and Motion to Vacate before the July 18 hearing. Since the Court is faced with proper and timely motions that it must consider and adjudicate (*see Johnson*, 635 F.3d at 411-12), Respondents respectfully request that the Court concurrently hear the Petition and Motion to Vacate.

## IV. CONCLUSION

For the foregoing reasons, this Court should deny de Ayora's Petition to Confirm the Award and vacate the Award in its entirety pursuant to Sections 9 and 10 of the FAA.

Dated: June 16, 2025

**BAKER & HOSTETLER LLP**

By: */s/ Bethany G. Lukitsch*
Bethany G. Lukitsch
Alexis Cruz

*Attorneys for Respondents*
INSPIRE BRANDS, INC. and ARBY'S RESTAURANT GROUP, INC.