GUTRIDE SAFIER LLP
Seth A. Safier (State Bar No. 197427)
seth@gutridesafier.com
Marie A. McCrary (State Bar No. 262670)
marie@gutridesafier.com
Hayley Reynolds (State Bar No. 306427)
hayley@gutridesafier.com
Kali R. Backer (State Bar No. 342492)
kali@gutridesafier.com
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone: (415) 639-9090
Facsimile: (415) 449-6469

*Attorneys for Petitioner*

UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN PAUL DE AYORA, an individual, on behalf of himself, the general public, and those similarly situated,<br><br>Petitioner,<br><br>v.<br><br>INSPIRE BRANDS, INC. AND ARBY'S RESTAURANT GROUP, INC.,<br><br>Respondents. | Case No. 3:25-cv-03645-AGT<br><br>PETITIONER'S REPLY IN FURTHER SUPPORT OF ITS PETITION TO CONFIRM ARBITRATION AWARD<br><br>Hon. Alex G. Tse<br><br>Hearing Date: July 18, 2025<br>Hearing Time: 10:00 AM<br>Courtroom: A |

## I. INTRODUCTION

Petitioner de Ayora filed this action to confirm an arbitral award he obtained following full briefing and oral argument on a single, threshold issue—whether an agreement existed between Petitioner and Respondents that would require Petitioner to arbitrate his claims against Respondents rather than bring those claims as a class action in court. Respondents have now filed a Motion to Vacate the Petition (ECF 12, the "Motion") and a Response to the Petition (ECF 18, the "Response") raising largely the same set of objections—namely, that the Arbitrator lacked the authority to decide the threshold arbitrability issue. In the Response, Respondents further contend that the Award is invalid because it is not final. ECF 18 at 5–6. As discussed below, and in Petitioner's Opposition to the Motion, these arguments lack merit.

First, Petitioner filed an arbitration for the sole purpose of challenging whether he and Respondents agreed to litigate Petitioner's underlying claims in arbitration. The Parties agreed to brief this issue before the Arbitrator, and subsequently submitted full briefing and oral argument. Having now lost on that issue, Respondents attempt to get a second bite at the apple by conflating the (nonexistent) agreement to arbitrate the underlying claims with the (indisputable) agreement to brief the threshold arbitrability issue before the Arbitrator. But the law is clear—parties can agree to arbitrate gateway issues of arbitrability. *Rent-A-Center, W., Inc. v. Jackson*, 561 U.S. 63, 68–70 (2010). Likewise, the facts are clear—the Parties indisputably agreed to do so here. Moreover, adopting Respondents' position would result in an untenable situation where the Arbitrator would only have authority to decide arbitrability if he found in Respondents' favor, but lack authority to find otherwise. Such a position has no basis in the law.

Second, in Respondents' view, because the Arbitrator did not address the substance of Petitioner's underlying claims, he cannot have issued a final award. That is also not the law. Instead, as acknowledged in the very caselaw citied by Respondents, "the principle that an arbitration award is final if it 'resolves all issues submitted to arbitration, and determines each issue fully so that no further litigation is necessary to finalize the obligations of the parties,' does not require that the arbitration award resolve every outstanding issue that might arise in later litigation between the parties. It requires resolution only of 'all issues submitted to arbitration.'" *See Rocket Jewelry Box,*

*Inc. v. Noble Gift Packaging, Inc.*, 157 F.3d 174, 176 (2nd Cir. 1998) (citation omitted). Here, that the award is "final" is manifest under any definition. The arbitration is now closed. Arbitrator Nadler issued his decision—finding no waiver, that he could determine the arbitrability issue, and that Petitioner had not consented to arbitrate the underlying claims, and dismissed the arbitration. This is not an instance where the Arbitrator issued a "tentative" or "interim" award. There are no further issues for the Arbitrator to consider he finally determined that he was "without jurisdiction to proceed with the [] Arbitration." Pet. Ex. A. Thus, the award is final.

In sum, the Court should recognize the Motion and Response for what they are—a thinly-veiled attempt to vacate the Arbitrator's decisions on waiver and jurisdiction grounds based on a heads-we-win-tails-you-lose construction of the law. The Court should reject these arguments and confirm the Petition.

## II. ARGUMENT

### A. The Award is Based on the Parties' Agreement

It is well-established that "parties can agree to arbitrate 'gateway' questions of 'arbitrability,' such as whether the parties have agreed to arbitrate or whether their agreement covers a particular controversy." *Rent-A-Center, W., Inc.*, 561 U.S. at 68–70; *accord Henry Schein, Inc. v. Archer & White Sales, Inc.*, 586 U.S. 63, 67–68 (2019); *see also Aanderud v. Superior Court*, 13 Cal. App. 5th 880, 892 (2017) (explaining that parties can agree to arbitrate arbitrability issues, if their agreement to do so is clear and unmistakable). Indeed, "'[w]hether the court or the arbitrator decides arbitrability is an issue for judicial determination *unless the parties clearly and unmistakably provide otherwise*.'" *Suski*, 55 F.4th 1227, 1229 (quoting *Oracle Am. Inc. v. Myriad Grp. A.G.*, 724 F.3d 1069, 1072 (9th Cir. 2013)) (emphasis added). "[A]n agreement to arbitrate an issue need not be express; it may be implied from the conduct of the parties." *Fortune, Alsweet & Eldridge, Inc. v. Daniel*, 724 F.2d 1355, 1356 (9th Cir. 1983) (emphasis added) (alteration omitted).

Respondents' argument that the award was not based on any agreement largely mirrors the meritless arguments presented in their Motion to Vacate. (ECF 12). Here, the Parties agreed to arbitrate the issue of whether they formed an agreement to arbitrate. Claimant filed his demand—which challenged whether he entered into an agreement at the outset. Respondents participated in

arbitrator selection, paid fees, and fully briefed the issue of arbitrability. Thus, the Parties' agreement to arbitrate contract formation is clear and unmistakable. *Cf. First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 947 (1995) ("We conclude that, because the Kaplans did not clearly agree to submit the question of arbitrability to arbitration . . . , the arbitrability of the [parties'] was subject to independent review by the courts.") (emphasis added). The award draws its essence from that agreement—i.e., it determined that Petitioner did not agree to arbitrate his underlying dispute. Respondents do not claim that Arbitrator Nadler misapplied the law. Rather they simply argue that the absence of an agreement to arbitrate the underlying dispute divested the Arbitrator of jurisdiction to determine the absence of that agreement. This reasoning is nonsensical, however, because it would mean that, if the Arbitrator had found that there was an agreement to arbitrate the underlying dispute, then he would have authority to determine his jurisdiction. Thus, under Respondents' reasoning, the Arbitrator had the authority to find in Respondents' favor but lacked the authority to find for Petitioner.

The absurd result called for by Respondents results from their conflation of two separate agreements—the agreement of the Parties to arbitrate the threshold contractual formation issue and the separate purported agreement to arbitrate in the Terms of Use ("TOU"). As demonstrated, the Parties intentionally submitted the issue of arbitrability to the Arbitrator. And Arbitrator Nadler's decision was clearly based on that agreement. *See Lagstein v. Certain Underwriters at Lloyd's, London*, 607 F.3d 634, 642 (9th Cir. 2010) (an "arbitration award draws its essence from the agreement if the award is derived from the agreement, viewed in light of the agreement's language and context, as well as other indications of the parties' intentions." (quoting *Bosack v. Soward*, 586 F.3d 1096, 1106 (9th Cir. 2009))). The Arbitrator's analysis looked to Ninth Circuit law regarding waiver and determinations of arbitrability—both arguments raised by the Parties. *See* Pet. Ex. A (ECF 1). That Respondents disagree with the Arbitrator's interpretation of those laws is not a reason to vacate the award. *Kyocera Corp. v. Prudential-Bache Trade Servs., Inc.*, 341 F.3d 987, 994 (9th Cir. 2003) (en banc) ("Neither erroneous legal conclusions nor unsubstantiated factual findings justify federal court review of an arbitral award.").

Thus, in essence, Respondents are asking this Court to vacate the award because they only agreed to win, not lose, the threshold arbitrability issue. This Court should summarily reject such a conclusion.

Even if Respondents had not agreed to arbitrate the threshold arbitrability issue, their conduct in the arbitration waived any objection to the Arbitrator's authority. Waiver is "the intentional relinquishment of a known right." *United States v. Olano*, 507 U.S. 725, 733 (1993). Two overarching legal principles control an arbitrability challenge. First, "an agreement to arbitrate an issue need not be express; it may be implied from the conduct of the parties." *Fortune, Alsweet & Eldridge, Inc.*, 724 F.2d at 1356 (emphasis added) (alteration omitted). Second, parties "are always free to voluntarily submit their dispute to arbitration on their own terms." *Rivera*, 54 Cal. App. 5th at 91. Accordingly, submission of an issue to arbitration can be interpreted as waiver of any objection over the authority of the arbitrator." *Nghiem v. NEC Elec.*, 25 F.3d 1437, 1440 (9th Cir. 1994). Indeed, caselaw is replete with examples of courts finding waiver where a party fully arbitrates an issue and only after losing on that issue challenges the authority of the arbitrator. *See, e.g.*, *Ficek*, 338 F.2d at 657 ("[a] claimant may not voluntarily submit his claim to arbitration, await the outcome, and, if the decision is unfavorable, then challenge the authority of the arbitrators to act"); *Daniel*, 724 F.2d at 1356–57 (Plaintiff could not reject arbitration after plaintiff's representative attended two hearings, heard all of the union's evidence, presented some evidence, and requested two continuances, including one continuance to "secure witnesses to refute the evidence presented by the union"); *Nghiem*, 25 F.3d at 1440 (Plaintiff could not challenge the authority of the arbitrator because plaintiff "initiated the arbitration, attended the hearings with representation, presented evidence, and submitted a closing brief of fifty pages"). So too here. Respondents fully participated in this arbitration and fully briefed the arbitrability issue. Indeed, had Respondents succeeded with their arguments they would not be contesting the Arbitrator's authority to so decide. Instead, they would be enforcing the terms of the arbitration provision they included in the contract they drafted. It is only because Respondents did not succeed that they now cry foul. Thus, Respondents have waived their right to challenge the Arbitrator's authority to decide the arbitrability issue.

Finally, Respondents claim in the Response that under *Coinbase, Inc. v. Suski*, 602 U.S. 143, 151 (2024) that contract formation issues are issues for a court to resolve, not the arbitrator. *See* ECF 18 at 4. Arbitrator Nadler, of course, already considered and rejected Respondents' *Coinbase* argument. *See* Pet. Ex. A at 7–8. Thus, Respondents must show that the award "exhibits a manifest disregard of law or is completely irrational." *Hayday Farms, Inc. v. FeeDx Holdings, Inc.,* 55 F.4th 1232, 1240–41 (9th Cir. 2022). "[M]anifest disregard requires something beyond and different from a mere error in the law or failure on the part of the arbitrators to understand and apply the law." *Bosack v. Soward*, 586 F.3d 1096, 1104 (9th Cir. 2009) (citations and internal omitted). "To demonstrate manifest disregard, the moving party must show that the arbitrator understood and correctly stated the law, but proceeded to disregard the same." *Id.* Here, Respondents make no attempt to show that Arbitrator Nadler understood the law under *Coinbase* but disregarded it nonetheless. Rather Respondents simply disagree with the Arbitrator's interpretation of those laws. This is not a reason to vacate the award. *Kyocera Corp. v. Prudential-Bache Trade Servs., Inc.*, 341 F.3d 987, 994 (9th Cir. 2003) (en banc) ("Neither erroneous legal conclusions nor unsubstantiated factual findings justify federal court review of an arbitral award."). And to the extent Respondents raise new arguments based on *Coinbase*, those are waived. *See Wellman v. Writers Guild of Am., W., Inc.*, 146 F.3d 666, 673 (9th Cir. 1998) ("[I]t is well settled that a party may not sit idle through an arbitration proceeding and then collaterally attack that procedure on grounds not raised before the arbitrators when the result turns out to be adverse.").

**B. The Award is Final**

"An arbitration award is ripe for judicial confirmation by the district court only when it is the final determination of the arbitrator. Tentative or interim awards should not be confirmed." *Venetian Casino Resort, L.L.C. v. Lehrer McGovern Bovis, Inc.*, 92 F. App'x 402, 403 (9th Cir. 2004). Here, that the award is "final" is manifest under any definition. The arbitration is now closed. Arbitrator Nadler issued his decision—finding no waiver, that he could determine the arbitrability issue, and that Petitioner had not consented to arbitrate the underlying claims, and dismissed the arbitration. This is not an instance where the arbitrator issues a "tentative" or "interim" award. There are no

further issues for the Arbitrator to consider as he determined that he was "without jurisdiction to proceed with the [] Arbitration." Pet. Ex. A. Thus, the award is final.

According to Respondents, the only way the award could be final is if it addressed the merits of Petitioner's underlying claims. *See* Resp. at 5–6. This is not true. *See Rocket Jewelry Box, Inc. v. Noble Gift Packaging, Inc.*, 157 F.3d 174, 176 (2nd Cir. 1998) (holding that "the principle that an arbitration award is final if it 'resolves all issues submitted to arbitration, and determines each issue fully so that no further litigation is necessary to finalize the obligations of the parties,' does not require that the arbitration award resolve every outstanding issue that might arise in later litigation between the parties. It requires resolution only of 'all issues submitted to arbitration.'" (citation omitted). Here, although Petitioner's demand included the underlying claims, he specifically contested that those claims were "submitted to arbitration"—indeed, this was the purpose of his jurisdictional challenge. The Arbitrator ultimately determined that Petitioner had not waived his objection to arbitrability (i.e. that Petitioner had not submitted those claims to arbitration simply by filing the demand) and that he lacked jurisdiction over those claims—that is, he determined that there was no agreement to submit the underlying claims to arbitration.

The cases cited by Respondent do not support their desired outcome. Instead, in the few cases cited by Respondents in which the court actually found an award to not be final, the underlying arbitration was either ongoing or the arbitrator had retained jurisdiction to determine further issues. *See Millmen Local 550 v. Wells Exterior Trim*, 828 F.2d 1373, 1375 (9th Cir. 1987) (award not final where arbitrator retained jurisdiction to determine remedy); *Judge v. Nijjar Realty, Inc.*, 232 Cal. App. 4th 619, 633–34 (2014) (award deemed not final where arbitration of the substantive issues was *ongoing*); *Orion Pictures Corp. v. Writers Guild of Am. W., W., Inc.*, 946 F.2d 722, 724 (9th Cir. 1991) (award not final where arbitrator retained jurisdiction in an ongoing arbitration).

This is simply not the case here. Rather, an award dismissing all pending claims "could hardly be more final and definite." *Remmey v. PaineWebber, Inc.*, 32 F.3d 143, 150 (4th Cir. 1994) ("The arbitral ruling states, quite unambiguously, that 'All Claims of the Claimant, . . . shall be and are hereby dismissed in all respects.' This statement of an arbitral decision could hardly be more final and definite." (citing *Antwine v. Prudential Bache Sec., Inc.*, 899 F.2d 410, 413 (5th Cir. 1990)

(holding that a similar award satisfied the "mutual, final and definite" requirements)). Indeed, that the Arbitrator clearly believed he was finished with the case renders the award final. *New United Motor Mfg. v. UAW Local 2244,* 617 F. Supp. 2d 948, 954 (N.D. Cal. 2008) ("Both parties agree the award is properly before the Court because and the award is 'final' for jurisdictional purposes because Arbitrator Askin believed he was done with the case." (citing *Smart v. International Broth. of Elec. Workers, Local 702*, 315 F.3d 721, 725–26 (7th Cir. 2002) ("if the arbitrator himself thinks he's through with the case, then his award is final and appealable")).

In reality, Respondents attempting to relitigate the waiver arguments they raised, and lost, in the arbitration. Here, Respondents seek a result that would either require the Arbitrator to rule on the merits of claims to which he had no jurisdiction, preclude a finding of non-waiver even where the law suggests otherwise, or render the entire arbitration proceeding moot because a finding in favor of Petitioner precludes the arbitrator's ability to issue a final award. There is no support in the law for any of these results.

Further, that "the Arbitrator titled the document that de Ayora now seeks to confirm a 'Determination on Claimant's Motion Regarding Non-Arbitrability of Dispute,' not a 'Final Award'" (Resp. at 6) makes no difference. *See Marchese v. Shearson Hayden Stone, Inc.*, 734 F.2d 414, 423 (9th Cir. 1984) ("Though it may be wise for an arbitration panel . . . to distinguish expressly between 'dismissals' and 'awards' in its decisions, we will hold them to no such technical niceties."). And even where the parties could conceivably request further relief, where an arbitrator determines that he or she has no further jurisdiction, an award is considered final. *Space Data Corp. v. Hosie Rice LLP*, No. 20-cv-08256-JSW, 2021 U.S. Dist. LEXIS 109461, at *12-13 (N.D. Cal. May 5, 2021).

At best, Respondent is arguing that the award is a "partial award" because it does not address the merits of the underlying claims. A partial award is final, however, "(and thus ripe for a petition to confirm) if it finally disposes of a separate, independent claim." *Emps.' Surplus Lines Ins. Co. v. Glob. Reinsurance Corp.-U.S. Branch*, No. 07 CIV. 2521 (HB), 2008 U.S. Dist. LEXIS 8253, 2008 WL 337317, at *6 (S.D.N.Y. Feb. 6, 2008); *accord Kerr Mc-Gee Refin. Corp. v. M/T Triumph*, 924 F.2d 467, 471 (2d Cir.1991). Therefore, "the arbitration award may be confirmed when that portion is finally and completely decided." *Venetian Casino Resort, L.L.C.,* 92 F. App'x at 403. But here,

Arbitrator Nadler's decision was the final award—indeed, the arbitration is now closed. And it makes no difference that the underlying claims were not addressed, as, even if they were before the arbitrator (they were not) the "separate, independent" claim regarding arbitrability was "finally dispose[d] of" and is therefore ripe for a petition to confirm. *Emps.' Surplus Lines Ins. Co. v. Glob. Reinsurance Corp.-U.S. Branch*, No. 07 CIV. 2521 (HB), 2008 U.S. Dist. LEXIS 8253, 2008 WL 337317, at *6 (S.D.N.Y. Feb. 6, 2008).

### C. The Court Should Consider The Petition to Confirm and Respondents' Motion to Vacate Together

Respondents have requested that the Court concurrently hear the Petition and Motion to Vacate. Petitioner has no objection to a consolidated hearing.

## III. CONCLUSION

For the foregoing reasons, Respondents' motion to vacate the award must be denied and the arbitration award enforced.

Dated: June 17, 2025

**GUTRIDE SAFIER LLP**

*/s/Seth A. Safier*

Seth A. Safier (State Bar No. 197427)
seth@gutridesafier.com
Marie A. McCrary (State Bar No. 262670)
marie@gutridesafier.com
Hayley Reynolds (State Bar No. 306427)
hayley@gutridesafier.com
Kali R. Backer (State Bar No. 342492)
kali@gutridesafier.com
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone: (415) 639-9090
Facsimile: (415) 449-6469

*Attorneys for Petitioner*