**GUTRIDE SAFIER LLP**
Seth A. Safier (State Bar No. 197427)
 seth@gutridesafier.com
Marie A. McCrary (State Bar No. 262670)
 marie@gutridesafier.com
Hayley Reynolds (State Bar No. 306427)
 hayley@gutridesafier.com
Kali R. Backer (State Bar No. 342492)
 kali@gutridesafier.com
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone: (415) 639-9090
Facsimile:  (415) 449-6469

*Attorneys for Petitioner*

**BAKER & HOSTETLER LLP**
Bethany G. Lukitsch (SBN 314376)
blukitsch@bakerlaw.com
Alexis Cruz (SBN 312842)
acruz@bakerlaw.com
1900 Avenue of the Stars, Suite 2700
Los Angeles, CA 90067
Tel: 310.820.8800
Fax: 310.820.8859

*Attorneys for Respondents*

**UNITED STATES DISTRICT COURT FOR THE**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BENJAMIN PAUL DE AYORA, an individual, on behalf of himself, the general public, and those similarly situated,<br><br>     Petitioner,<br><br>  v.<br><br>INSPIRE BRANDS, INC. AND ARBY'S RESTAURANT GROUP, INC.,<br><br>     Respondents. | Case No. 3:25-cv-03645-AGT<br><br>**JOINT STATEMENT PURSUANT TO DKT. NO. 29**<br><br>Hon. Alex G. Tse |

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Petitioner Benjamin de Ayora's ("Petitioner") and Respondents Inspire Brands, Inc. and Arby's Restaurant Group, Inc. (collectively, "Respondents," and together with Petitioner, the "Parties") met and conferred on July 14, 2025 in accordance with this Court's Order dated July 11, 2025 (ECF 29). Below are the Parties respective statements as to the questions presented by the Court:

I.    PETITIONER'S STATEMENT

This dispute arises out of Petitioner's visits to various websites that Respondents own and operate, including arbys.com and www.dunkindonuts.com (the "Websites"). Petitioner alleges that the Websites "display[] a pop-up cookie consent banner to Website visitors, which expressly tells visitors that they can decline cookies." (ECF 1 at ¶ 3). However, "[u]nbeknownst to the users, and contrary to their express rejection of all such cookies, Respondent nonetheless caused cookies to be stored on the visitors' devices" and "[i]n doing so, Respondent caused the transmission of users' personal data to undisclosed third parties, contrary to Respondent's representations." (*Id*. at ¶ 4). Petitioner alleges the conduct gives rise to "violat[ions of] state statutes and [] common law duties to Petitioner and those visitors to the Websites." (*Id*. ¶ 5).

Petitioner originally filed an arbitration demand in JAMS to determine arbitrability. The arbitrator entered an award finding that Petitioner's claims were not subject to arbitration. (*Id*. at ¶ 24). Following entry of that award, Petitioner filed a Petition to Confirm the award in this Court. (*Id*.) Respondents subsequently filed a Motion to Vacate the award. (ECF 12).

As discussed in the Parties' stipulation, Petitioner ultimately intends to file a class action complaint ("Complaint") that will assert his claims on the merits. (ECF 27). In particular, Petitioner intends to assert claims on behalf of himself and a proposed class of similarly situated persons for: invasion of privacy, intrusion upon seclusion, wiretapping in violation of Cal. Pen. Code § 631, use of a pen register in violation of Cal. Pen. Code. § 638.51, common law fraud, unjust enrichment and trespass to chattels. The Complaint may also add new parties. Petitioner shared a draft of the proposed Complaint with counsel for the Respondents on May 29, 2025. Counsel for Respondents

- 1 -

1  would not stipulate to allow Petitioner to file it in this matter, which arguably would have dispensed

2  with the need for the Court to determine whether or to confirm or vacate the arbitral award.[1]

3      Though Petitioner does not believe that resolving the Petition to Confirm and Motion to

4  Vacate is necessary at this juncture, but given Respondents' position below, Petitioner does not

5  oppose proceeding with the hearing on Friday as to both motions since the Court's determination of

6  the Petition to Confirm and the Motion to Vacate will resolve the issue of the arbitrability as to, at a

7  minimum, Petitioner's claims. If the Court grants the Petition to Confirm, then Petitioner will proceed

8  with filing his Complaint with the issue of arbitrability as to Petitioner resolved. If the Court vacates

9  the arbitral award, arguably he would do the same, but Respondents will then have the option to

10 move to compel arbitration as to Petitioner.

11 **II.    RESPONDENTS' STATEMENT**

12      This case began with Petitioner filing a full Complaint and Demand for Arbitration against

13 Inspire Brands LLC only with JAMS, which asserted fourteen statutory and common law violations

14 stemming from a single visit to Arby's website and an alleged interaction with that website's cookie

15 banner.

16      Inspire Brands LLC agreed to permit Petitioner to amend his Complaint once.  Accordingly,

17 on November 7, 2024, Petitioner filed an Amended Complaint and Demand for Arbitration, which

18 substituted Inspire Brands, Inc. for Inspire Brands LLC ("Inspire") and added Arby's Restaurant

19 Group, Inc. ("Arby's") as a named party.

20      Thereafter, Petitioner moved for a decision regarding "arbitrability" wherein despite

21 Petitioner's initiation of the matter in arbitration, Petitioner sought a declaration that Petitioner had

22 not formed a binding contract with Inspire (whose website Petitioner claimed never to have visited)

23 or Arby's.  Following briefing and argument, the Arbitrator issued the Order regarding the

24 Determination of Motion re Non-Arbitrability of Claims, dated February 24, 2025 (the "Award").

25      The Arbitrator's decision, which Respondents assert exceeded the Arbitrator's jurisdiction, is

26 the subject of Respondents' pending Motion to Vacate (ECF 12).  Respondents do not believe the

27 ─────────────

28 [1] To be clear, when Respondents state below that "Inspire Brands LLC agreed to permit Petitioner to amend his Complaint once," Respondents are referencing the arbitration demand.

1   filing of any amended complaint would moot the necessity of this Motion to Vacate.  As set forth in

2   the Motion to Vacate and Reply in support thereof (ECF 23), a motion to vacate is an appropriate

3   mechanism through which a party can appeal an arbitration award in a court.  Respondents would

4   have and could have filed the Motion to Vacate regardless of whether a Petition or complaint was

5   filed in this Court, and the Court should therefore proceed with considering the Motion to Vacate.

6          On June 12, 2025, Petitioner shared a draft complaint with Respondents which adds

7   additional named plaintiffs, respondents, and websites.  As related to counsel for Petitioner, if this is

8   the complaint Petitioner seeks to file, <u>Respondents do not consent and will respond appropriately if

9   and when it is filed</u>.  Petitioner's desire to file an amended complaint further demonstrates the

10  inappropriate nature of Petitioner's initial Petition to Confirm the Arbitration Award (ECF 1).

11

12  Date: July 14, 2025

13                                              **GUTRIDE SAFIER LLP**

14                                              By: */s/ Kali R. Backer*

15                                              Seth A. Safier (Bar No. 197427)
                                                seth@gutridesafier.com
16                                              Marie A. McCrary (Bar No. 262670)
                                                marie@gutridesafier.com
17                                              Kali Backer (Bar No. 342492)
                                                kali@gutridesafier.com
18                                              100 Pine Street, Suite 1250
19                                              San Francisco, CA 94111
                                                Telephone: (415) 271-6469
20                                              Facsimile: (415) 449-6469

21                                              *Attorneys for Plaintiffs*

22                                              **BAKER & HOSTETLER LLP**

23                                              By: */s/ Alexis Cruz*

24                                              Bethany G. Lukitsch (SBN 314376)
                                                blukitsch@bakerlaw.com
25                                              Alexis Cruz (SBN 312842)
                                                acruz@bakerlaw.com
26                                              1900 Avenue of the Stars, Suite 2700
                                                Los Angeles, CA 90067
27                                              Tel: 310.820.8800
                                                Fax: 310.820.8859

28

1

2

## **ATTORNEY ATTESTATION**

3       Pursuant to N.D. Cal. Civil L.R. 5-1(h)(3), I attest that the concurrence in the filing of this

4   document has been obtained from each of the other signatories shown above and that all

5   signatories have authorized placement of their electronic signature on this document.

6   Dated: July 14, 2025

7

8                                                  */s/Kali Backer*_____
                                                   Kali Backer

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT STATEMENT PURSUANT TO DKT. NO. 29
CASE NO. 3:25-CV-03645-AGT