**BAKER & HOSTETLER LLP**
Bethany G. Lukitsch (SBN 314376)
Alexis Cruz (SBN 312842)
Kamran B. Ahmadian (SBN 314566)
1900 Avenue of the Stars | Suite 2700
Los Angeles, CA 90067-4508
Telephone: 310.820.8800
Facsimile: 310.820.8859
*blukitsch@bakerlaw.com*
*acruz@bakerlaw.com*
*kahmadian@bakerlaw.com*

*Attorneys for Defendants*
INSPIRE BRANDS, INC., ARBY'S RESTAURANT GROUP, INC., JIMMY JOHN'S FRANCHISOR SPV, LLC, SONIC INDUSTRIES SERVICES, LLC, and DUNKIN' BRANDS, INC.

**IN THE UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

BENJAMIN PAUL DE AYORA, CHRISTINE WILEY, MIKHAIL GERSHZON, AND GEORGE NINO as individuals, on behalf of themselves, the general public, and those similarly situated,

Plaintiffs,

v.

INSPIRE BRANDS, INC., ARBY'S RESTAURANT GROUP, INC., JIMMY JOHN'S FRANCHISOR SPV, LLC, SONIC INDUSTRIES SERVICES, LLC, DUNKIN' BRANDS, INC.,

Defendants.

CASE NO.: 3:25-cv-03645-AGT

[*Assigned to Magistrate Judge Alex G. Tse*]

**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' CLASS ACTION COMPLAINT**

**Date: December 12, 2025**
**Time: 10:00 a.m.**
**Dept: Courtroom A**

Action Filed: April 25, 2025

# TABLE OF CONTENTS


I. INTRODUCTION ........ 1

II. PLAINTIFFS LACK ARTICLE III STANDING ........ 1

III. PLAINTIFFS' ALLEGATIONS FAIL TO SATISFY RULE 9(B) ........ 5

IV. PLAINTIFFS' COMMON LAW PRIVACY CLAIMS FAIL ........ 6

V. PLAINTIFFS' CIPA CLAIMS FAIL ........ 7

A. Plaintiffs Ayora and Wiley's CIPA Claims Are Time Barred ........ 7

B. Plaintiffs' Wiretapping (CIPA § 631) Claim Is Not Sufficiently Pled ........ 8

C. Plaintiffs' Pen Register (CIPA § 638.51) Claim Is Not Sufficiently Pled ........ 11

VI. PLAINTIFFS' REMAINING COMMON LAW CLAIMS FAIL ........ 13

A. Plaintiffs' Unjust Enrichment Claim Fails as a Matter of Law ........ 13

B. Plaintiffs' Trespass to Chattels Claim Is Not Sufficiently Pled ........ 13

VII. PLAINTIFFS' CLASS ALLEGATIONS SHOULD BE STRICKEN ........ 14

VIII. CONCLUSION ........ 15


BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Abuelhawa v. Santa Clara Univ.*,
529 F. Supp. 3d 1059 (N.D. Cal. 2021) .... 13

*Bradshaw et al. v. Lowe's Cos., Inc.*,
No.: 25cv0742 DMS (MMP), 2025 WL 3171740 (S.D. Cal. Nov. 12, 2025) .... 3

*Brazil v. Dell Inc.*,
585 F. Supp. 2d 1158 (N.D. Cal. 2008) .... 14

*Brodsky v. Apple Inc.*,
445 F. Supp. 3d 110 (N.D. Cal. 2020) .... 9

*Bruton v. Gerber Prods. Co.*,
703 F.App'x 468 (9th Cir. 2017) .... 13

*De Havilland v. FX Networks, LLC*,
21 Cal. App. 5th 845 (2018) .... 13

*DellaSala v. Samba TV, Inc.*,
No. 3:25-cv-03470-JSC, 2025 WL 3034069 (N.D. Cal. Oct. 30, 2025) .... 3

*Doe I v. Google LLC*,
741 F. Supp. 3d 828 (N.D. Cal. 2024) .... 14

*Doe v. Amgen*,
No. 2:23-CV-07448-MSC-SSC, 2024 WL 3811251 (C.D. Cal. Aug. 13, 2024) .... 10

*Doe v. Eating Recovery Ctr. LLC*,
No. 23-cv-05561-VC, 2025 WL 2971090 (N.D. Cal. Oct. 17, 2025) .... 10, 11

*In re Facebook, Inc., Consumer Priv. User Profile Litig.*,
402 F. Supp. 3d 784 (N.D. Cal. 2019) .... 4, 13

*In re Facebook, Inc. Internet Tracking Litig.*,
956 F.3d 589 (9th Cir. 2020) .... 2, 4, 7

*Gabrielli v. Haleon US Inc.*,
No. 25-CV-02555-WHO, 2025 WL 2494368 (N.D. Cal. Aug. 29, 2025) .... 2, 12, 14

*Gabrielli v. Motorola Mobility LLC*,
No. 24-CV-09533-JST, 2025 WL 1939957 (N.D. Cal. July 14, 2025) .... 6, 12, 14

*In re Google Generative AI Copyright Litig.*,
No. 23-cv-03440-EKL, 2025 WL 2624885 (N.D. Cal. Sept. 11, 2025) .... 4



BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

*Greenley v. Kochava, Inc.*,
684 F. Supp. 3d 1024 (S.D. Cal. 2023) ........ 12

*Gutierrez v. Converse Inc.*,
No. 24-4797, 2025 WL 1895315 (9th Cir. July 9, 2025) ........ 12

*Hammerling v. Google LLC*,
615 F. Supp. 3d 1069 (N.D. Cal. 2022) ........ 7

*Hartford Cas. Ins. Co. v. J.R. Mktg., LLC*,
61 Cal.4th 988 (2015) ........ 13

*Hill v. Nat'l Collegiate Athletic Ass'n*,
7 Cal.4th 1 (1994) ........ 7

*Hinton v. Pac. Enters.*,
5 F.3d 391 (9th Cir. 1993) ........ 8

*Hospevian v. Apple Inc.*,
No. 08-5788 JF (PVT), 2009 WL 5069144 (N.D. Cal. Dec. 17, 2009) ........ 14

*Imperial Merch. Servs., Inc. v. Hunt*,
47 Cal.4th 381 (2009) ........ 12

*In re iPhone Application Litig.*,
844 F. Supp. 2d 1040 (N.D. Cal. 2012) ........ 14

*Jackson v. LinkedIn Corp.*,
744 F. Supp. 3d 986 (N.D. Cal. 2024) ........ 9

*Jones v. Tonal Sys., Inc.*,
751 F. Supp. 3d 1025 (S.D. Cal. 2024) ........ 7

*Katzir's Floor & Home Design, Inc. v. M-MLS.com*,
394 F.3d 1143 (9th Cir. 2004) ........ 5

*Khamooshi v. Politico LLC*,
No. 24-cv-07836-SK, 2025 WL 2822879 (N.D. Cal. Oct. 2, 2025) ........ 3

*Konop v. Hawaiian Airlines, Inc.*,
302 F.3d 868 (9th Cir. 2002) ........ 9

*Kotlarsz v. Integrity Vehicle Servs., Inc.*,
No. 8:24-cv-00569-FWS-JDE, 2024 WL 4800695 (C.D. Cal. Sep. 3, 2024) ........ 10

*In re Meta Pixel Tax Filing Cases*,
793 F. Supp. 3d 1147 (N.D. Cal. 2025) ........ 12

*Mikulsky v. Bloomingdale's, LLC*,
713 F. Supp. 3d 833 (S.D. Cal. 2024) ........ 9

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

*Mirmalek v. L.A. Times Commc'ns LLC*,
No. 24-cv-01797-CRB, 2024 WL 5102709 (N.D. Cal. Dec. 12, 2024) .......... 12

*Morilha v. Alphabet Inc.*,
No. 24-CV-02793-JST, 2024 WL 5205542 (N.D. Cal. Dec. 23, 2024) .......... 7

*Neubronner v. Milken*,
6 F.3d 666 (9th Cir. 1993) .......... 6

*Oganyan v. Biolife Plasma Servs. L.P.*,
No. 1:25-cv-00099-KES-SKO, 2025 WL 2979619 (E.D. Cal. Oct. 22, 2025) .......... 3

*Osterhaus Pharmacy, Inc. v. Express Scripts, Inc.*,
768 F. Supp. 3d 1186 (W.D. Wash. 2025) .......... 4

*Pepka v. Kohl's Dep't Stores, Inc.*,
No. CV-16-4293-MWF-(FFMx), 2016 WL 8919460 (C.D. Cal. Dec. 21, 2016) .......... 15

*Popa v. Microsoft Corp.*,
153 F.4th 784 (9th Cir. 2025) .......... 1, 2, 3

*Revitch v. New Moosejaw, LLC*,
No. 18-cv-06827-VC, 2019 WL 5485330 (N.D. Cal. Oct. 23, 2019) .......... 10

*Rodriguez v. Culligan Int'l Co.*,
No. 25-cv-00225-AJB-KSC2025, 2025 WL 3064113 (S.D. Cal. Nov. 3, 2025) .......... 2, 3

*Sanders v. Apple Inc.*,
672 F. Supp. 2d 978 (N.D. Cal. 2009) .......... 14, 15

*Sandoval v. Ali*,
34 F. Supp. 3d 1031 (N.D. Cal. 2014) .......... 15

*Smith v. Google, LLC*,
735 F. Supp. 3d 1188 (N.D. Cal. 2024) .......... 5

*Smith v. YETI Coolers, LLC*,
754 F. Supp. 3d 933 (N.D. Cal. 2024) .......... 10, 11

*Stearns v. Select Comfort Retail Corp.*,
763 F. Supp. 2d 1128 (N.D. Cal. 2010) .......... 15

*Tietsworth v. Sears*,
720 F. Supp. 2d 1123 (N.D. Cal.2010) .......... 14

*Vess v. Ciba-Geigy Corp. USA*,
317 F.3d 1097 (9th Cir. 2003) .......... 5

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

*Williams v. Facebook, Inc.*,
498 F. Supp. 3d 1189 (N.D. Cal. 2019) ........ 5

*Williams v. What If Holdings, LLC*,
No. C 22-03780 WHA, 2022 WL 17869275 (N.D. Cal. Dec. 22, 2022) ........ 8

*In re Yahoo Mail Litig.*,
7 F. Supp. 3d 1016 (N.D. Cal. 2014) ........ 6

*Yoon v. Lululemon USA, Inc.*,
549 F. Supp. 3d 1073 (C.D. Cal. 2021) ........ 9

**Statutes**

Cal. Penal Code § 631(a) ........ 8, 9, 10

Cal. Penal Code § 638.50(b) ........ 12

Cal. Penal Code § 638.51 ........ 11, 12

Cal. Penal Code § 638.52 ........ 11, 12

Cal. Penal Code § 638.53 ........ 11, 12

**Other Authorities**

Fed. R.Civ. Proc. 9(b) ........ 5, 6

## I. INTRODUCTION

Plaintiffs' Opposition ("Opp.") fails to confront the fundamental pleading deficiencies in their Complaint as identified in Defendants' Motion to Dismiss ("Motion"). Rather than identify specific factual allegations about their *own experiences* with each of the five Websites and the alleged misrepresentations and harms—which they cannot—Plaintiffs rely on generalized and conclusory assertions and overstated holdings of inapposite case law. As the Ninth Circuit recently reaffirmed in *Popa v. Microsoft Corp.*, 153 F.4th 784, 791 (9th Cir. 2025), these scant allegations are simply not sufficient to establish a concrete privacy injury. Just like the plaintiff in *Popa*, Plaintiffs have failed to identify any "embarrassing, invasive, or otherwise private information collected by" the alleged web tracking, and without such allegations, there is no privacy harm and no Article III standing. *Id.* at 791.

Additionally, the Complaint fails to satisfy Rule 9(b)'s heightened pleading standard, and in any event fails to state a claim against Defendants. Accordingly, each cause of action should be dismissed with prejudice. Finally, even if the Complaint were to survive dismissal (it should not), the Court should strike the facially overbroad class allegations.

## II. PLAINTIFFS LACK ARTICLE III STANDING

The Opposition confirms that Plaintiffs have not alleged a cognizable injury sufficient to establish standing. Although privacy-related harm can, in some circumstances, constitute a tangible injury, Plaintiffs must allege facts demonstrating that ***they*** suffered a "harm that has traditionally been actionable in our nation's legal system." *Popa*, 153 F.4th at 791. As discussed in the Motion, and not substantively refuted in the Opposition, the Complaint is devoid of any facts describing Plaintiffs' own experiences with the Websites. *See* Mot. at 7-8. Specifically, there are no allegations identifying what specific information *of Plaintiffs* was collected let alone the information that could be "embarrassing, invasive, or otherwise private." *Popa*, 153 F.4th at 791. Without these facts, it is impossible to discern what personal data *of Plaintiffs* (if any) was allegedly collected, or more importantly, whether that collection could result in tangible privacy harm to Plaintiffs.

Instead, Plaintiffs argue they have sufficiently established a concrete harm based on the assertion of statutory claims (e.g., CIPA) that were intended to "codify the right to privacy." *See* Opp. at 7:17-23 (citing *In re Facebook, Inc. Internet Tracking Litig.*, 956 F.3d 589 (9th Cir. 2020) ("*In re Facebook*")). That is not a correct statement of applicable law. As the Ninth Circuit reiterated in *Popa*, a plaintiff must "demonstrate more than just a statutory violation." *Popa*, 153 F.4th at 793; *Gabrielli v. Haleon US Inc.*, No. 25-CV-02555-WHO, 2025 WL 2494368, at *7 (N.D. Cal. Aug. 29, 2025) ("*Haleon*") ("[Popa] explained that *TransUnion* requires a court to assess whether an individual plaintiff has suffered a harm that has traditionally been actionable in our nation's legal system.") (int. quot. omitted). Ultimately, Plaintiffs' failure to demonstrate anything more than an alleged statutory violation is fatal to their claim. *See Rodriguez v. Culligan Int'l Co.*, No. 25-cv-00225-AJB-KSC2025, 2025 WL 3064113, at *3 (S.D. Cal. Nov. 3, 2025) (dismissing CIPA claims for lack of Article III standing).

Rather than confronting *Popa* directly, Plaintiffs lean on a single district court decision in an effort to narrow its reach and distinguish its application on the facts. *See* Opp. at 8:12-9:18 (citing *Haleon*, 2025 WL 2494368, at *1). However, the court's ruling in *Haleon* is unpersuasive, and at a minimum, factually distinguishable. For example, the *Haleon* court noted that because the Haleon websites involved healthcare products, as opposed to the pet food supply website at issue in *Popa*, the information input into the Haleon websites "is likely more sensitive." *Haleon*, 2025 WL 2494368, at *7. Even if that observation is accurate, it does nothing to assist Plaintiffs here. This case concerns restaurant websites, which are far closer to the innocuous site in *Popa* than to the *Haleon* healthcare-focused sites. Further, as Plaintiffs point out in their Opposition, the *Haleon* court distinguishes *Popa* based on the capabilities of the technology at issue—session replay technology versus the types of information the cookies alleged in this Complaint may be able to collect. *See* Opp. at 8:16-9:11. This distinction focuses on the wrong issue—it does not matter what the technologies are "enabled" to do or potentially "could" collect. As *Popa* makes clear, to demonstrate the "'highly offensive' interferences or disclosures" required to establish a concrete privacy harm that was "actionable at common law," Plaintiffs must allege that their own "embarrassing, invasive, or otherwise private information" was *actually collected* by Defendants.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

*Popa*, 153 F.4th at 791. They have not—and therefore, they cannot establish the concrete injury required for Article III standing.

Plaintiffs' effort to distinguish *Khamooshi v. Politico LLC*, No. 24-cv-07836-SK, 2025 WL 2822879, at *1 (N.D. Cal. Oct. 2, 2025) because *Khamooshi* did not allege a rejection of certain cookies fails. *See* Opp. at 8 n.3. This is a distinction without a difference. Relying on *Popa*, the *Khamooshi* court correctly dismissed the complaint for lack of concrete injury because the plaintiff failed to allege the collection of any "embarrassing, invasive, or otherwise private information"—key threshold facts. *Khamooshi*, 2025 WL 2822879, at *3. Regardless of cookie-banner interactions, Plaintiffs' Complaint suffers from the same fundamental flaw and should meet the same fate. In addition to *Khamooshi*, numerous district courts have applied *Popa* in a similar fashion to dismiss comparable privacy-based claims for lack of Article III injury. *Oganyan v. Biolife Plasma Servs. L.P.*, No. 1:25-cv-00099-KES-SKO, 2025 WL 2979619, at *4 (E.D. Cal. Oct. 22, 2025) ("Plaintiffs also do not sufficiently allege any *actual* injury. Rather, they allege that the third-party trackers have the *capability* to use these pieces of information[.]") (emph. in original); *Culligan*, 2025 WL 3064113, at *3 ("Rodriguez's failure to demonstrate anything more than an alleged statutory violation is consequently fatal to her claim."); *DellaSala v. Samba TV, Inc.*, No. 3:25-cv-03470-JSC, 2025 WL 3034069, at *5 (N.D. Cal. Oct. 30, 2025) (relying on *Popa* and dismissing privacy claim because plaintiffs "have not plausibly alleged a highly offensive violation of a privacy interest"); *Bradshaw et al. v. Lowe's Cos., Inc.*, No.: 25cv0742 DMS (MMP), 2025 WL 3171740, at *5-6 (S.D. Cal. Nov. 12, 2025) ("[W]hether an individual plaintiff has suffered a harm that has traditionally been actionable in our nation's legal system … and for the reasons discussed above, Plaintiffs have not made that showing here.") (int. quot. and cit. omitted). Just as in these cases, Plaintiffs have failed to allege a concrete privacy injury sufficient to establish Article III standing. Accordingly, Plaintiffs' Complaint should be dismissed in its entirety.

***No Loss of Value or Control of Information*.** Plaintiffs argue that the loss of control and loss of value should be treated separately. *See* Opp. at 9:12-10:13. Whether framed as separate theories of harm or not, Plaintiffs' Opposition fails to allege *any facts* showing that their data has independent economic value or that any purported loss of control over such data caused them





BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

personal economic harm. Plaintiffs' reliance on *In re Facebook, Inc., Consumer Priv. User Profile Litig.*, 402 F. Supp. 3d 784 (N.D. Cal. 2019) ("*In re Facebook Consumer Priv.*") is misplaced. *Id.* at 9:12-18. Not only is that case factually distinguishable, but as discussed above, Plaintiffs have not alleged a loss of control of any of *their own information*, let alone over "sensitive information." Moreover, Plaintiffs conflate their loss-of-value theory of harm with their unjust enrichment claim. *See* Opp. at 9:27-10:13. Whether Defendants were unjustly enriched (they were not) is a separate question. The relevant inquiry for standing is whether Plaintiffs have shown harm through the alleged loss of value of unpled, nonspecific personal information. They have not. Such vague allegations—without more—cannot support a viable theory of damages.[1]

***Inspire Brands, Inc. must be dismissed.*** The Opposition effectively concedes that Inspire Brands, Inc.'s only alleged connection to this case is its status as "the owner of the other Defendants." Opp. at 10:23-24. That is plainly insufficient and contravenes the well-settled principle of corporate separateness, which holds that a parent company is not liable for the acts of its subsidiaries absent exceptional circumstances—such as an agency relationship or disregard of corporate formalities—none of which is alleged here. Courts routinely refuse to hold parent companies liable for their subsidiaries' acts based solely on ownership or the parent-subsidiary relationship. *See, e.g., Osterhaus Pharmacy, Inc. v. Express Scripts, Inc.*, 768 F. Supp. 3d 1186, 1198 (W.D. Wash. 2025) (dismissing parent company where the complaint's sole allegation against it was that it "actively participate[d] in the unlawful conduct [by] among other things, shaping the company policies at issue and participating in crafting, approving, and implementing the unlawful conduct"); *see also In re Google Generative AI Copyright Litig.*, No. 23-cv-03440-EKL, 2025 WL 2624885, at *10-12 (N.D. Cal. Sept. 11, 2025) (dismissing claims against Google's parent company, and rejecting the claim that it was vicariously liable for copyright infringement because of its "control authority" over its subsidiary); *Katzir's Floor & Home Design, Inc. v. M-MLS.com*,

[1] Plaintiffs cite to *In re Facebook* in this section and throughout the Opposition, but the stark factual differences render that case inapplicable. *In In re Facebook*, plaintiffs alleged an extensive and highly sensitive data collection by Facebook—including comprehensive browsing histories and communications—even after plaintiffs logged out of Facebook. 956 F.3d at 602-604. By contrast, Plaintiffs here allege only that they visited the Websites and encountered a cookie banner, without identifying that any sensitive data collected. These fundamental differences make *In re Facebook* readily distinguishable and unhelpful to Plaintiffs.



BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

394 F.3d 1143, 1149 (9th Cir. 2004) ("The mere fact of sole ownership and control does not eviscerate the separate corporate identity that is the foundation of corporate law."). Because Plaintiffs allege no facts implicating Inspire Brands, Inc., there is no standing, and it should be dismissed with prejudice.

## III. PLAINTIFFS' ALLEGATIONS FAIL TO SATISFY RULE 9(B)

The Ninth Circuit has long held that when a plaintiff "allege[s] a unified course of fraudulent conduct and rel[ies] entirely on that course of conduct," the pleaded claims "sound in fraud," *even if fraud is not a necessary element*, and all such claims are subject to the heightened pleading requirements of Fed. R. Civ. P. 9(b). *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103-04 (9th Cir. 2003). In fact, courts routinely apply Rule 9(b) to invasion of privacy claims. *See e.g.*, *Williams v. Facebook, Inc.*, 498 F. Supp. 3d 1189, 1200-01 (N.D. Cal. 2019) (applying Rule 9(b) to misrepresentation-based claims, including common law privacy claims).

Curiously, Plaintiffs rely on *Smith v. Google, LLC*, 735 F. Supp. 3d 1188 (N.D. Cal. 2024) to argue that Rule 9(b) does not apply. *See* Opp. at 11. However, in *Smith*, the court found Rule 9(b) inapplicable because plaintiffs' statutory privacy claims were not predicated on fraud or misrepresentation. *Smith*, 735 F. Supp. 3d at 1198. Here, unlike those in *Smith*, Plaintiffs' privacy-based causes *are* predicated on claims of fraud or misrepresentation—walking Plaintiffs directly into an application of Rule 9(b). Plaintiffs' entire Complaint (and Opposition) proceeds from the premise that Plaintiffs suffered privacy harms when they relied on Defendants' purported misrepresentations that certain data would not be collected. *See e.g.,* Compl., ¶ 2 ("But, Defendants' promises are outright lies, designed to lull users into a false sense of security."); Opp. at 8:15 fn. 3 ("…where Plaintiffs believed based on Defendants' *own representations* that they were not handing any data over to Third-Parties"); *id.* at 14:22-24 ("Here, Defendants affirmatively mislead Plaintiffs and Class members into believing that their browsing would be private through misrepresentation and deceit…."). Plaintiffs cannot have it both ways. They cannot avoid Rule 9(b)'s heightened pleading standard while simultaneously basing their privacy claims on Defendants' alleged misrepresentations.



BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

As a backstop, Plaintiffs contend that their vague, generalized allegations satisfy Rule 9(b)'s heightened pleading standard by asserting the "who, what, where, and how" of Defendants' purported misrepresentations. *See* Opp. at 11:27-12:5. But Plaintiffs fail to confront Defendants' central point: the Complaint lacks specific factual allegations detailing how *Plaintiffs themselves* were supposedly defrauded. Rule 9(b) requires more than abstract or illustrative examples—it demands particularized facts showing how each named plaintiff encountered and relied upon the alleged misrepresentation. And Plaintiffs' reliance on *Gabrielli v. Motorola Mobility LLC*, No. 24-CV-09533-JST, 2025 WL 1939957, at *1 (N.D. Cal. July 14, 2025) ("*Motorola*") does not show otherwise. *See* Opp. at 11. *Motorola* involved one website only. *See Motorola*, 2025 WL 1939957, at *14. Here, Plaintiffs fail to specify when each of them visited each of the five Websites identified in their Complaint. Instead, the Complaint merely alleges that Plaintiffs accessed the unspecified Websites at some point within the "past four years." *See* Compl., ¶105 (de Ayora), ¶114 (Wiley), ¶123 (Gershzon), ¶132 (Nino). This complete lack of specificity fails to "give [D]efendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Neubronner v. Milken*, 6 F.3d 666, 671 (9th Cir. 1993). Absent the critical details identified, Plaintiffs have not met the particularity requirement of Rule 9(b).

## IV. <u>PLAINTIFFS' COMMON LAW PRIVACY CLAIMS FAIL</u>

Plaintiffs' Opposition again fails to confront the central deficiency in their Complaint: the absence of any facts specific to *the named Plaintiffs*, including data purportedly collected during their visits to the Websites, or how such data would qualify as personal or sensitive. Under California law, an invasion of privacy claim demands a high threshold—one that cannot be met, even at the initial pleading stage, without concrete allegations of sensitive data collection. *In re Yahoo Mail Litig.*, 7 F. Supp. 3d 1016, 1038 (N.D. Cal. 2014) ("The California Constitution sets a 'high bar' for establishing an invasion of privacy claim.") (cit. omitted). Instead of addressing this requirement, Plaintiffs assert a vague expectation of privacy in their undefined "browsing activity and Private Communications" with a public website, based on Defendants' supposed "promises" not to collect such information. Opp. at 14:2-3. Plaintiffs cite no authority holding that a cookie



BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

banner or privacy notice on a free, public website constitutes a binding promise sufficient to create a reasonable expectation of privacy for all of Plaintiffs' interactions and data. *See generally* Opp. Even in *In re Facebook*, 956 F.3d at 602-05, a case the Opposition relies heavily on, the court emphasized the collection of ***sensitive data***—not merely the existence of a statement made in a privacy notice—was central to creating an actionable expectation of privacy.

Even assuming Plaintiffs had a reasonable expectation of privacy in their unspecified browsing data (they do not), their common law privacy claims still fail because the collection of general browsing data is not "highly offensive." *See Hammerling v. Google LLC*, 615 F. Supp. 3d 1069, 1085 (N.D. Cal. 2022). The Opposition points to no facts from the Complaint that show Defendants' purported intrusion was "highly offensive," and instead suggests that this issue cannot be resolved at the initial pleading stage. This is incorrect. Courts routinely dismiss privacy claims as a matter of law where the alleged conduct does not rise to the level of egregious violation. *See Hill v. Nat'l Collegiate Athletic Ass'n*, 7 Cal.4th 1, 40 (1994) ("If the undisputed material facts show no reasonable expectation of privacy or an insubstantial impact on privacy interests, the question of invasion may be adjudicated as a matter of law."). Recent decisions confirm this principle. For example, in *Morilha v. Alphabet Inc.*, No. 24-CV-02793-JST, 2024 WL 5205542, at *4 (N.D. Cal. Dec. 23, 2024), the court dismissed a privacy claim at the initial pleading stage, holding that the disclosure of IP addresses and geolocation data was not sufficiently egregious. Similarly, in *Jones v. Tonal Sys., Inc.*, 751 F. Supp. 3d 1025, 1043-44 (S.D. Cal. 2024), the court found no actionable intrusion where the plaintiff failed to allege that the data collected—via a website chat feature—was likely to be embarrassing or socially stigmatizing. The same result is warranted here. Plaintiffs' allegations fall woefully short of the required "highly offensive" threshold. As such, they must be dismissed.

## V. PLAINTIFFS' CIPA CLAIMS FAIL

### A. Plaintiffs Ayora and Wiley's CIPA Claims Are Time Barred

In their Opposition, Plaintiffs improperly attempt to shift the burden of establishing the timeliness of their CIPA claims onto Defendants. But the burden of alleging facts which would give rise to equitable tolling falls squarely *on Plaintiffs*, and Plaintiffs Ayora and Wiley set forth



BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

no facts that could establish the timeliness of their CIPA claims. *See Hinton v. Pac. Enters*., 5 F.3d 391, 395 (9th Cir. 1993). In fact, the Complaint concedes that Plaintiffs Ayora and Wiley became aware of the alleged CIPA violations on October 15, 2023 and July 22, 2023, respectively, yet waited nearly two years to file suit—well beyond the one-year limitations period. *See* Compl., ¶¶ 141, 147. This concession alone warrants dismissal.

Plaintiffs' additional timeliness arguments also fail. *First*, contrary to Plaintiffs' assertions, neither the demand letter, notice of claims, nor prior arbitration proceedings provided timely notice. *See* Opp. at 13. These mechanisms did not include all Defendants named in this action, meaning several Defendants lacked notice of the claims asserted against them. *Second*, Plaintiffs' claim that Defendants have not argued prejudice is simply false. *See* Mot. at 16. The claims and allegations set forth in prior arbitrations differ from those asserted here, which prejudiced Defendants by depriving them of notice and any opportunity to investigate Plaintiffs' CIPA claims. *Third*, Plaintiffs do not—and frankly cannot—refute that nothing prevented them from filing suit in court. At a minimum, they could have filed immediately after the Arbitration Award was issued. Plaintiffs, represented by counsel, made a deliberate strategic choice to pursue arbitration as a litigation tactic despite having the ability to file earlier and preserve their rights. Their failure to do so bars their claims as untimely. Because Plaintiffs Ayora and Wiley's CIPA claims are time barred, they must be dismissed with prejudice.

### B. <u>Plaintiffs' Wiretapping (CIPA § 631) Claim Is Not Sufficiently Pled</u>

Plaintiffs concede that Defendants are not directly liable for violating Section 631(a) and instead attempt to advance their CIPA wiretapping claim through the aiding and abetting prong. *See* Opp. at 15:25-16:4. However, Plaintiffs fail to sufficiently allege an underlying predicate violation by a third party, which is required to state their claim. *Williams v. What If Holdings, LLC*, No. C 22-03780 WHA, 2022 WL 17869275, at *2 (N.D. Cal. Dec. 22, 2022) (holding aiding and abetting liability is "based entirely on whether [a third party] violated Section 631(a) in some way"). In sum, the Complaint does not establish that a third party "read[], or attempt[ed] to read, or to learn the contents or meaning of any message, report, or communication while the same is in transit." The arguments advanced by Plaintiffs in their Opposition entirely miss the point.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

*First*, Plaintiffs contend they need not plead the exact communications with the Websites, only that the content was more than record information. *See* Opp. at 17:17-19. Yet, even assuming a communication is even alleged, the vague data identified in the Complaint—such as browsing history, page views, etc.—constitutes unprotected "record information," not content. *See Brodsky v. Apple Inc.*, 445 F. Supp. 3d 110, 127 (N.D. Cal. 2020) (finding text messages are content, but "user names, passwords, and geographic location information are not"); *Yoon v. Lululemon USA, Inc.*, 549 F. Supp. 3d 1073, 1082-83 (C.D. Cal. 2021) (holding "keystrokes, mouse clicks, pages viewed, and shipping and billing information ... [and] the date and time of the visit, the duration of the visit, Plaintiff's IP address, her location at the time of the visit, her browser type, and the operating system on her device" are not "content" under 631(a)). Plaintiffs attempt to salvage their claim by asserting that "user input data"—such as search queries, names, demographic details, email addresses, locations, or payment information—qualifies as the content of a communication under Section 631(a). *See* Opp. at 17:21–28. But even assuming such data *could* constitute content, Plaintiffs do not allege that ***they personally*** entered any of this information on Defendants' Websites. Plaintiffs' remaining generalized allegations fall far short. *See Mikulsky v. Bloomingdale's, LLC*, 713 F. Supp. 3d 833, 845 (S.D. Cal. 2024) (dismissing Section 631(a) claim where plaintiff alleged only that her "interactions" were intercepted without identifying the content of any communication).

*Second*, Plaintiffs fail to plausibly allege that any communication was *intercepted* while *in transit*. *See Konop v. Hawaiian Airlines, Inc.,* 302 F.3d 868, 878 (9th Cir. 2002) ("This conclusion is consistent with the ordinary meaning of 'intercept,' which is 'to stop, seize, or interrupt in progress or course before arrival.'") (cit. omitted). Plaintiffs rely on *Jackson v. LinkedIn Corp.*, 744 F. Supp. 3d 986 (N.D. Cal. 2024) to argue "[a]llegations describing the real-time transmission of communications is sufficient on a motion to dismiss." Opp. at 18:9-10. But *Jackson* is inapposite. There, the plaintiff specifically alleged that LinkedIn (the third party) intercepted sensitive data *and read and used it* for its own marketing services. *Jackson*, 744 F. Supp. 3d at 994. As courts have recognized "[r]eading or learning the contents of a communication requires 'some effort at understanding the substantive meaning' of the communication.'" *Doe v. Eating*



BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

*Recovery Ctr. LLC*, No. 23-cv-05561-VC, 2025 WL 2971090, at *5 (N.D. Cal. Oct. 17, 2025) (citing *Williams v. DDR Media, LLC*, 757 F. Supp. 3d 989, 995 (N.D. Cal. 2024)).[2] Here, however, the Complaint is completely devoid of any factual allegations explaining how a third party acquired, let alone read or attempted to read, Plaintiffs' communications during transmission. *See id.* at *6 ("[Y]ou must do something more than just intercept the communication while it is in transit to be held liable [under Section 631(a)]."). Without interception in transit, there is no violation of Section 631(a) that Defendants could have aided.

Finally, Plaintiffs fail to allege sufficient facts to show Defendants intended to aid and abet a third party's illegal wiretapping of Plaintiff's communications. Plaintiffs distort *Doe v. Amgen*, No. 2:23-CV-07448-MSC-SSC, 2024 WL 3811251 (C.D. Cal. Aug. 13, 2024), *Revitch v. New Moosejaw, LLC*, No. 18-cv-06827-VC, 2019 WL 5485330 (N.D. Cal. Oct. 23, 2019), and *Kotlarsz v. Integrity Vehicle Servs., Inc.*, No. 8:24-cv-00569-FWS-JDE, 2024 WL 4800695 (C.D. Cal. Sep. 3, 2024) to suggest that allegations of intentional enabling of third-party cookies suffice to establish the intent requirement. *See* Opp. at 16:7-18. But ***none*** of these cases held that the intent element is satisfied by such conclusory allegations—they never addressed the issue. Instead, they simply found that enabling third-party misconduct *could* state a claim under Section 631's fourth prong without analyzing whether the requisite criminal intent was established. *See Amgen*, 2024 WL 3811251, at *2 (finding that as a party to its own communication, defendant cannot be liable under Section 631(a) unless plaintiff shows defendant enabled third party's eavesdropping or interception); *Revitch*, 2019 WL 5485330, at *2 (same); *Kotlarsz*, 2024 WL 4800695, at *7 (finding plaintiff failed to plead facts linking defendant to the website sufficient to make aiding and abetting allegations plausible).

Plaintiffs' attempt to distinguish *Smith v. YETI Coolers, LLC*, 754 F. Supp. 3d 933 (N.D. Cal. 2024) ("*YETI*") similarly fails. As in *YETI*, Plaintiffs allege no facts showing that Defendants acted "with the third party *in order to* have the third party perform acts that violate the statute." *Id.* at 942. The *YETI* court made clear that this requires both knowledge of the conduct that will violate

[2] While Defendants respectfully disagree with Judge Chhabria's interpretation of what constitutes "contents" under Section 631, they do agree with his conclusions on the remaining requirements.



BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

the statute and a purpose of aiding, agreeing with, or employing the third party to commit those acts." *Id.* Not only is Plaintiffs' allegation that Defendants "voluntarily integrated 'third party-resources'" (Opp. at 17:4-6, citing Compl., ¶ 35) insufficient to satisfy the intent requirement but it defies common sense. Under Plaintiffs' theory, any business using standard cookie-management tools for legitimate purposes would face liability for aiding and abetting unlawful surveillance. That result would be untenable.

**C. <u>Plaintiffs' Pen Register (CIPA § 638.51) Claim Is Not Sufficiently Pled</u>**

Simply put, Section 638.51 does not extend to internet technologies. As Judge Chhabria recently emphasized, by bringing these types of claims Plaintiffs seek to apply "CIPA's already-obtuse language" to new internet technologies that were never contemplated by the California Legislature. *See Eating Recovery Ctr. LLC,* 2025 WL 2971090, at *1 ("The language of CIPA is a total mess. It was a mess from the get-go, but the mess gets bigger and bigger as the world continues to change[.]"). Contrary to Plaintiffs' contention, the statutory context—and CIPA's structure as a whole—makes clear that "pen register" cannot reasonably encompass website cookies.

The Opposition sidesteps the operative language in Section 638.52, which prescribes the procedural steps law enforcement must follow before deploying a pen register, and ignores the statute's repeated references to telephonic devices. *See* Opp. at 18:27–19:8. Instead, Plaintiffs lean on CIPA's broad definitional language, arguing that "pen register" is not expressly limited to telephonic surveillance. *Id.* But that misses the point. The question is not whether website technology *could theoretically* fit within the definition, but whether the statute's operative provisions apply. Section 638.51 prohibits use of a pen register only "without first obtaining a court order pursuant to Section 638.52 or 638.53." This language is deliberate and confines the statute to devices for which such an order is obtainable—i.e., those operating on telephone lines. *See* Cal. Penal Code § 638.51. Plaintiffs offer no explanation for why the Legislature would ban pen registers on non-telephonic technologies while simultaneously making compliance impossible by requiring an order that cannot be obtained. That interpretation defies common sense and would render half the statute superfluous.

The cases cited by Plaintiffs suffer from this same flawed reasoning. Each relies on the



BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

"expansive" definitions of "pen registers" and "electronic communication" to conclude that Section 638.51 *could* apply to website technology. *See, e.g., Greenley v. Kochava, Inc.*, 684 F. Supp. 3d 1024, 1050 (S.D. Cal. 2023) ("[T]he Court cannot ignore the expansive language in the California Legislature's chosen definition."); *Mirmalek v. L.A. Times Commc'ns LLC*, No. 24-cv-01797-CRB, 2024 WL 5102709 (N.D. Cal. Dec. 12, 2024) (relying on *Greenley*). But none of these decisions meaningfully analyzed the statute's "court order" requirement or the cross-referenced provisions in Sections 638.52–53. *See generally Greenley*, 684 F. Supp. 3d 1024; *Mirmalek*, 2024 WL 5102709; *Haleon*, 2025 WL 2494368; *Motorola*, 2024 WL 1939957. Nor did they examine legislative history to confirm whether their interpretation aligns with legislative intent. The term "pen register" should be afforded its commonsense meaning within the context of the statutory scheme and its legislative history. Section 638.51 does not apply to website cookies—and the Legislature in 2015 never intended it to. *See Gutierrez v. Converse Inc.*, No. 24-4797, 2025 WL 1895315, at *3 (9th Cir. July 9, 2025) ("If the California legislature wanted to apply [CIPA] to the internet, it could do so by amending … or adding to CIPA's statutory scheme.").

Plaintiffs attempt to sidestep the statute's plain text and legislative history by relying on the flawed reasoning in *In re Meta Pixel Tax Filing Cases*, 793 F. Supp. 3d 1147 (N.D. Cal. 2025) ("*In re Meta Pixel*"), arguing that allegations about devices with "an array of capabilities"—some capturing content and others capturing record information—are sufficient. *See* Opp. at 20:3-15. But *In re Meta Pixel* disregards the statutory text and legislative history, which expressly preclude pen registers from recording "the contents of a communication." Cal. Penal Code § 638.50(b); *Imperial Merch. Servs., Inc. v. Hunt*, 47 Cal.4th 381, 390 (2009) ("We do not presume that the Legislature performs idle acts, nor do we construe statutory provisions so as to render them superfluous.") (int. quot. and cit. omitted). A device that records the contents of communications is, by definition, not a pen register. Plaintiffs' scattershot approach seeks to have it both ways—asserting capabilities that contradict the statutory scheme. Such inconsistent pleading cannot stand.

\\

\\

\\



BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

## VI. PLAINTIFFS' REMAINING COMMON LAW CLAIMS FAIL

### A. Plaintiffs' Unjust Enrichment Claim Fails as a Matter of Law

Again, Plaintiffs incorrectly argue that unjust enrichment is an independent cause of action, rather than a remedy. In support of this argument, Plaintiffs rely on an unpublished Ninth Circuit opinion, *Bruton v. Gerber Prods. Co.*, 703 F.App'x 468 (9th Cir. 2017), which itself relies on *Hartford Cas. Ins. Co. v. J.R. Mktg., LLC*, 61 Cal.4th 988 (2015), as well as *In re Facebook Consumer Priv.*, 402 F. Supp. 3d 784. Both cases do not apply.

*Hartford* "raised a narrow question" limited to "the facts of th[at] case." *Hartford*, 61 Cal.4th at 996-97. There, the California Supreme Court held that courts should allow an "independent claim for unjust enrichment to proceed in an insurance dispute." *Bruton*, 703 F.App'x at 470 (citing *Hartford*, 61 Cal.4th at 1000). It "emphasize[d] that this conclusion is a limited one, and a particularly apposite one given the history of this litigation." *Hartford*, 61 Cal.4th at 1007. In a subsequent unpublished opinion, the Ninth Circuit then applied that insurance dispute holding to a case challenging the labeling of baby food in alleged violation of Food and Drug Administration ("FDA") regulations. *Bruton*, 703 F.App'x at 468. However, published post-*Hartford* decisions by California Courts of Appeal have confirmed that "[u]njust enrichment is not a cause of action." *De Havilland v. FX Networks, LLC*, 21 Cal. App. 5th 845, 870 (2018) (*quoting Hill v. Roll Int'l Corp.*, 195 Cal. App. 4th 1295, 1307 (2011)); *see also Abuelhawa v. Santa Clara Univ.,* 529 F. Supp. 3d 1059, 1070-72 (N.D. Cal. 2021) (holding unjust enrichment is not a separate cause of action in California). *In re Facebook Consumer Priv.* is equally inapposite and does not change this result. Even Plaintiffs acknowledge that the unjust enrichment claim in that case was permitted because it was alongside valid breach of contract and fraud claims. *See* Opp. at 21:2-4. As discussed herein, Plaintiffs fail to state any valid claims for the unjust enrichment claim to survive with. Thus, Plaintiffs' unjust enrichment claim must be dismissed.

### B. Plaintiffs' Trespass to Chattels Claim Is Not Sufficiently Pled

The Opposition confirms that the Complaint lacks any factual allegations supporting the essential element of damage for their trespass to chattels claim. Plaintiffs merely assert a generalized "reduction of storage, disk space, and performance" allegation. Compl., ¶ 240. But





BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

such a conclusory allegation falls short of the required showing of harm—namely, a "*significant reduction* in service constituting an interference with the intended functioning of the system" proximately caused by the defendant's conduct. *In re iPhone Application Litig*., 844 F. Supp. 2d 1040, 1069 (N.D. Cal. 2012) (emphasis added).

Moreover, Plaintiffs' disagreement with *Motorola* and *Haleon* cannot save their trespass to chattels claim. *See* Opp. at 22:16-23. Plaintiffs fail to explain *how* placement of third-party cookies resulted in reduction of storage, disk space, and performance of their computing devices. Absent factual allegations explaining how the cookie placement caused substantial degradation in device performance, courts have consistently rejected such claims. *See, e.g., Doe I v. Google LLC,* 741 F. Supp. 3d 828, 846 (N.D. Cal. 2024) ("[N]othing about the...existence of cookies physically impairs the functioning of the plaintiffs' computing devices."). Accordingly, Plaintiffs have not met the requisite pleading standard here.

## VII. PLAINTIFFS' CLASS ALLEGATIONS SHOULD BE STRICKEN

Plaintiffs argue that striking class allegations at this stage is premature, ignoring numerous courts' decisions to strike class allegations at the pleading stage. *See, e.g., Sanders v. Apple Inc.*, 672 F. Supp. 2d 978, 998 (N.D. Cal. 2009) (granting motion to strike class allegations); *Hospevian v. Apple Inc*., No. 08-5788 JF (PVT), 2009 WL 5069144, at *6 (N.D. Cal. Dec. 17, 2009) (same); *Brazil v. Dell Inc*., 585 F. Supp. 2d 1158, (N.D. Cal. 2008) (same). As with these cases, Plaintiffs' Complaint presents precisely the circumstances where striking class allegations at the initial pleading stage is proper.

In their Opposition, Plaintiffs do nothing to challenge Defendants' argument that individual inquiries dominate the proposed class. Plaintiffs fail to address the fact that cookies are inherently transient and involve a number of user-specific factors that create *countless* variations in user experience. Plaintiffs propose no solution—nor can they—to deal with such individualized inquiries so that they would not dominate. And Defendants are not aware of any way other than self-serving say-so and individual device examination. Courts have exercised power to strike such allegations, and this Court should do so here. *See Tietsworth v. Sears*, 720 F. Supp. 2d 1123, 1147 (N.D. Cal.2010) (striking class allegations due to predominance of individual issues on certain

claims); *Stearns v. Select Comfort Retail Corp.*, 763 F. Supp. 2d 1128, 1153 (N.D. Cal. 2010) (striking class allegations due do predominance of individual issues in plaintiffs' claims); *Sandoval v. Ali*, 34 F. Supp. 3d 1031, 1044 (N.D. Cal. 2014) (striking class allegations where proposed class was overbroad); *Pepka v. Kohl's Dep't Stores, Inc.*, No. CV-16-4293-MWF-(FFMx), 2016 WL 8919460, at *4 (C.D. Cal. Dec. 21, 2016) (striking class allegations that cannot show that common issues would predominate over individual ones, and class definition is an improper fail-safe class); *Sanders*, 672 F. Supp. 2d 978, 991 (N.D. Cal. 2009) (striking class allegations because predominance and superiority requirements for nationwide certification since court would be forced to engage in individual inquiries of each class member, and where it was unclear that a nationwide class action was the superior method for adjudication of rights).

## VIII. CONCLUSION

For the foregoing reasons, Defendants respectfully request that Plaintiffs' Complaint be dismissed in its entirety with prejudice, or, in the alternative, that certain allegations be dismissed and/or stricken.

**BAKER & HOSTETLER LLP**

By: */s/ Kamran B. Ahmadian*
Bethany G. Lukitsch
Alexis Cruz
Kamran B. Ahmadian

*Attorneys for Defendants*
INSPIRE BRANDS, INC., ARBY'S RESTAURANT GROUP, INC., JIMMY JOHN'S FRANCHISOR SPV, LLC, SONIC INDUSTRIES SERVICES, LLC, and DUNKIN' BRANDS, INC.