**BAKER & HOSTETLER LLP**
Bethany G. Lukitsch (SBN 314376)
Kamran B. Ahmadian (SBN 314566)
Jaein Cho (SBN 360090)
1900 Avenue of the Stars | Suite 2700
Los Angeles, CA 90067-4508
Telephone: 310.820.8800
Facsimile: 310.820.8859
*blukitsch@bakerlaw.com*
*kahmadian@bakerlaw.com*
*jcho@bakerlaw.com*

*Attorneys for Defendants*
INSPIRE BRANDS, INC., ARBY'S RESTAURANT GROUP, INC., JIMMY JOHN'S FRANCHISOR SPV, LLC, SONIC INDUSTRIES SERVICES, LLC, and DUNKIN' BRANDS, INC.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

**IN THE UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BENJAMIN PAUL DE AYORA, CHRISTINE WILEY, MIKHAIL GERSHZON, AND GEORGE NINO as individuals, on behalf of themselves, the general public, and those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>INSPIRE BRANDS, INC., ARBY'S RESTAURANT GROUP, INC., JIMMY JOHN'S FRANCHISOR SPV, LLC, SONIC INDUSTRIES SERVICES, LLC, DUNKIN' BRANDS, INC.,<br><br>Defendants. | CASE NO.: 3:25-cv-03645-AGT<br><br>[*Assigned to Magistrate Judge Alex G. Tse*]<br><br>**DEFENDANTS' RESPONSE TO ORDER REGARDING THE SECOND AMENDED COMPLAINT**<br><br>Action Filed: April 25, 2025 |

Defendants Inspire Brands, Inc., Arby's Restaurant Group, Inc., Jimmy John's Franchisor SPV, LLC, Sonic Industries Services, LLC, and Dunkin' Brands, Inc. (collectively "Defendants") provide the following response regarding the Court's order (Dkt. No. 66).

Defendants request clarification for the record that despite its label, ECF No. 54 is Plaintiffs' ***First*** Amended Complaint—not a second amended complaint. This has caused confusion in the briefing and could cause confusion in the record. This issue began with the filing of Plaintiffs' initial complaint that they were ordered to file after the denial of their Petition to Confirm Arbitration Award. *See* Dkt. No. 34. Despite it being the first operative complaint, Plaintiffs labeled it as an "Amended Complaint." *See* Dkt. No. 35. During the hearing on Defendants' motion which sought dismissal of Plaintiffs' initial complaint, this Court acknowledged the confusion and confirmed that Dkt. No. 35 was Plaintiffs' initial complaint. *See* Dkt No. 58, December 12, 2025 Hearing Tr. at 8:9-13 ("I just want to clear just for the record. So, technically, this is not the first amended complaint. So when I say "complaint," I'm referring to the document that's docketed at 35, your class-action complaint, but it's not an amended complaint."). Nevertheless, when Plaintiffs filed their amended complaint they labeled it as the "Second Amended Class Action Complaint." *See* Dkt. Nos. 54, 57. This has again caused confusion in the briefing. *See* Dkt. No. 61, Defendants' Motion to Dismiss referring to the First Amended Complaint. To ensure a clear record, Defendants respectfully request that Plaintiffs confirm that the operative complaint (regardless of if it is Dkt. No. 54 or Dkt. No. 57) constitutes Plaintiffs' *First* Amended Class Action Complaint.

Defendants take no position at this time on the proper procedural mechanism for this clarification. That said, if Dkt. No. 57 is stricken, Defendants request that their Motion to Dismiss Plaintiffs' First Amended Class Action Complaint (Dkt. No. 61) be applied equally to the operative complaint (Dkt. No. 54) as the pleadings are identical.

\\

\\

\\

\\

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

**BAKER & HOSTETLER LLP**

By: /s/ *Kamran B. Ahmadian*
Bethany G. Lukitsch
Kamran B. Ahmadian
Jaein Cho

*Attorneys for Defendants*
INSPIRE BRANDS, INC., ARBY'S RESTAURANT GROUP, INC., JIMMY JOHN'S FRANCHISOR SPV, LLC, SONIC INDUSTRIES SERVICES, LLC, and DUNKIN' BRANDS, INC.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES