**BAKER & HOSTETLER LLP**
Bethany G. Lukitsch (SBN 314376)
Kamran B. Ahmadian (SBN 314566)
Alexis Cruz (SBN 312842)
1900 Avenue of the Stars | Suite 2700
Los Angeles, CA 90067-4508
Telephone: 310.820.8800
Facsimile: 310.820.8859
*blukitsch@bakerlaw.com*
*kahmadian@bakerlaw.com*
*acruz@bakerlaw.com*

*Attorneys for Defendants*
INSPIRE BRANDS, INC., ARBY'S RESTAURANT GROUP, INC., JIMMY JOHN'S FRANCHISOR SPV, LLC, SONIC INDUSTRIES SERVICES, LLC, and DUNKIN' BRANDS, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BENJAMIN PAUL DE AYORA, CHRISTINE WILEY, MIKHAIL GERSHZON, AND GEORGE NINO as individuals, on behalf of themselves, the general public, and those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>INSPIRE BRANDS, INC., ARBY'S RESTAURANT GROUP, INC., JIMMY JOHN'S FRANCHISOR SPV, LLC, SONIC INDUSTRIES SERVICES, LLC, and DUNKIN' BRANDS, INC.,<br><br>Defendants. | Case No.: 3:25-cv-03645-AGT<br><br>[*Assigned to Hon. Alex G. Tse*]<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' THIRD AMENDED COMPLAINT, OR IN THE ALTERNATIVE, FOR MORE DEFINITE STATEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>[*Filed concurrently with [Proposed] Order*]<br><br>**Date: October 9, 2026**<br>**Time: 10:00 a.m.**<br>**Dept: Courtroom A, 15th Floor**<br><br>Action Filed: April 25, 2025 |



BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

**TO THE HONORABLE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on October 9, 2026, at 10:00 a.m., in Courtroom A of the above-entitled Court located on the 15th Floor of the San Francisco Courthouse, at 450 Golden Gate Avenue, San Francisco, CA 94102, Defendants Inspire Brands, Inc., Arby's Restaurant Group, Inc., Jimmy John's Franchisor SPV, LLC, Sonic Industries Services, LLC, Dunkin' Brands, Inc. (collectively "Defendants") will and hereby move to dismiss with prejudice the Third Amended Class Action Complaint ("TAC") of Plaintiffs Benjamin Paul de Ayora, Christine Wiley, Mikhail Gershzon, and George Nino (collectively "Plaintiffs") [Dkt. No. 73].

Defendants respectfully submit this Motion pursuant to Fed. R. Civ. P. 9(b), 12(b)(1), and 12(b)(6) on the grounds that Plaintiffs lack Article III standing, and Plaintiffs fail to allege sufficient facts to plausibly plead a violation of the California Invasion of Privacy Act ("CIPA"), California Penal Code § 631(a)—let alone with sufficient particularity. In the alternative, Defendants respectfully submit this Motion pursuant to Fed. R. Civ. P. 12(e) and 9(b) on the grounds that Plaintiffs' allegations are so vague and ambiguous that Defendants cannot reasonably prepare a response.

This Motion is based on this Notice, the Memorandum of Points and Authorities, all pleadings, papers and records on file in this Action, and such other oral argument and documentary evidence as may be presented at or before the time of adjudication of this Motion. Defendants respectfully request that the Court permit oral argument.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

Dated: August 21, 2026

Respectfully submitted,

**BAKER & HOSTETLER LLP**

By: */s/ Kamran B. Ahmadian*
Bethany G. Lukitsch
Kamran B. Ahmadian
Alexis Cruz

*Attorneys for Defendants*
INSPIRE BRANDS, INC., ARBY'S RESTAURANT GROUP, INC., JIMMY JOHN'S FRANCHISOR SPV, LLC, SONIC INDUSTRIES SERVICES, LLC, and DUNKIN' BRANDS, INC.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

**TABLE OF CONTENTS**

I. INTRODUCTION ..... 1

II. STATEMENT OF ISSUES TO BE DECIDED ..... 2

III. RELEVANT BACKGROUND ..... 2

A. Procedural History. ..... 2

B. Plaintiffs' Newly Added Allegations Relate to Dismissed Claims and Are Otherwise Insufficient. ..... 4

IV. LEGAL STANDARD ..... 5

V. ARGUMENT ..... 6

A. Plaintiffs' New Allegations Confirm They Have No Concrete Privacy Injury Sufficient for Article III Standing. ..... 6

B. Plaintiff Nino's CIPA Claims Against Arby's Are Time-Barred. ..... 10

C. Plaintiffs' CIPA § 631(a) Wiretapping Claims Still Fail ..... 12

1. Plaintiffs Fail to Allege Any Content Was Intercepted ..... 12

2. Plaintiffs Fail to Allege That Any Communication was Intercepted While In Transit ..... 15

VI. IN THE ALTERNATIVE, PLAINTIFFS SHOULD BE REQUIRED TO PROVIDE A MORE DEFINITE STATEMENT UNDER RULE 12(e) ..... 17

VII. CONCLUSION ..... 18

## TABLE OF AUTHORITIES


**Page(s)**

**Cases**

*A.B. by & Through Turner v. Google LLC*,
737 F. Supp. 3d 869 (N.D. Cal. 2024) .......... 10

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) .......... 5

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) .......... 5

*Brodsky v. Apple, Inc.*,
445 F. Supp. 3d 110 (N.D. Cal. 2020) .......... 10

*Byars v. Goodyear Tire & Rubber Co.*,
654 F. Supp. 3d 1020 (C.D. Cal. 2023) .......... 15

*Byars v. Sterling Jewelers, Inc.*,
2023 WL 2996686 (C.D. Cal. Apr. 5, 2023) .......... 7

*Calhoun v. Google LLC*,
526 F. Supp. 3d 605 (N.D. Cal. 2021) .......... 9

*Cellars v. Pac. Coast Packaging, Inc.*,
189 F.R.D. 575 (N.D. Cal. 1999) .......... 5

*Coleman v. Quaker Oats Co.*,
232 F.3d 1271 (9th Cir. 2000) .......... 17

*D'Angelo v. FCA US, LLC*,
726 F. Supp. 3d 1179 (S.D. Cal. 2024) .......... 12

*Doe v. Tenet Healthcare Corp.*,
789 F. Supp. 3d 814 (E.D. Cal. 2025) .......... 14

*Gibson v. City of Portland*,
165 F.4th 1265 (9th Cir. 2026) .......... 6

*Hammerling v. Google*,
615 F. Supp. 3d 1069 (N.D. Cal. 2022) .......... 9

*In re Facebook, Inc. Internet Tracking Litig.*,
956 F.3d 589 (9th Cir. 2020) .......... 9

*In re Gilead Sciences Sec. Litig.*,
536 F.3d 1049 (9th Cir. 2008) .......... 5

*In re Vizio, Inc., Consumer Priv. Litig.*,
238 F. Supp. 3d 1204 (C.D. Cal. 2017) ........ 16

*Javier v. Assurance IQ, LLC*,
649 F. Supp. 3d 891 (N.D. Cal. 2023) ........ 10, 11

*Jones v. Tonal Sys., Inc.*,
2024 WL 4357558 (S.D. Cal. Sept. 30, 2024) ........ 12

*Khamooshi v. Politico*,
2025 WL 2822879 (N.D. Cal. Oct. 2, 2025) ........ 10

*Konop v. Hawaiian Airlines, Inc.*,
302 F.3d 868 (9th Cir. 2002) ........ 16

*Mason v. Cnty. of Orange*,
251 F.R.D. 562 (C.D. Cal. 2008) ........ 18

*O'Neill v. Cal. Physicians' Serv.*,
2025 WL 3207416 (N.D. Cal. Nov. 17, 2025) ........ 11

*Popa v. Microsoft Corp.*,
153 F.4th 784 (9th Cir. 2025) ........ *passim*

*Roberts v. Wyndham International, Inc.*,
2012 WL 6001459 (N.D. Cal. Nov. 29, 2012) ........ 17

*Rodriguez v. Google LLC*,
2022 WL 214552 (N.D. Cal. 2022) ........ 16

*Rosenow v. Facebook, Inc.*,
2020 WL 1984062 (S.D. Cal. 2020) ........ 16

*Sollberger v. Wachovia Sec., LLC*,
2010 WL 2674456 (C.D. Cal. June 30, 2010) ........ 6

*Sprewell v. Golden State Warriors*,
266 F.3d 979 (9th Cir. 2001) ........ 5, 14

*Swierkiewicz v. Sorema N.A.*,
534 U.S. 506 (2002) ........ 6

*Syntelco Ltd. v. Reish*,
2017 WL 11513278 (D. Ariz. Aug. 28, 2017) ........ 6

*Tavernetti v. Super. Ct.*,
22 Cal. 3d 187 (1978) ........ 12

*TransUnion LLC v. Ramirez*,
594 U.S. 413 (2021) ........ 7

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

*U.S. v. Ritchie*,
342 F.3d 903 (9th Cir. 2003)........................................................................................ 4

*Wiley v. Universal Music Grp., Inc.*,
826 F. Supp. 1121 (N.D. Cal. 2025) ............................................................................ 14

*Williams v. What If Holdings, LLC*,
2022 WL 17869275 (N.D. Cal. Dec. 22, 2022) ............................................................ 12

*Yoon v. Lululemon USA, Inc.*,
549 F. Supp. 3d 1073 (C.D. Cal. 2021)......................................................................... 13

**Statutes**

California Penal Code § 631(a)........................................................................................ *passim*

**Rules**

Fed. R. Civ. P. 12(b)(6)............................................................................................................ 5

Fed. R. Civ. P. 12(e)........................................................................................................ 5, 6, 17

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

Plaintiffs Benjamin Paul de Ayora ("Plaintiff de Ayora"), Christine Wiley ("Plaintiff Wiley"), Mikhail Gershzon ("Plaintiff Gershzon"), and George Nino ("Plaintiff Nino," and collectively, "Plaintiffs") have now filed their Third Amended Complaint ("TAC") against Inspire Brands, Inc. ("Inspire"), Arby's Restaurant Group, Inc. ("Arby's"), Jimmy John's Franchisor SPV, LLC ("Jimmy John's"), Sonic Industries Services, LLC ("Sonic"), and Dunkin' Brands, Inc. ("Dunkin'," and collectively, "Defendants") based on alleged visits to Defendants' restaurant websites, including Arby's, Baskin-Robbins, Dunkin', Jimmy John's, and Sonic (the "Websites"). This is Defendants' third motion to dismiss. It does not rest on new legal theories or technical pleading objections. Instead, it addresses fundamental defects that persist despite three attempts to plead viable claims and despite the Court's prior guidance identifying those deficiencies. The TAC fails to cure those defects. If anything, Plaintiffs' new allegations only confirm them.

*First*, Plaintiffs still lack Article III standing. Although the Court previously concluded that Plaintiffs adequately alleged a concrete privacy injury, the TAC's new allegations underscore that Plaintiffs have not identified any specific private or sensitive information that actually was collected from them. Instead, Plaintiffs continue to rely on generalized allegations about categories of information that Defendants' technology allegedly *could* collect, a theory that *Popa v. Microsoft Corp.*, 153 F.4th 784 (9th Cir. 2025), explicitly rejected. After several amendments, Plaintiffs still cannot identify the sensitive or private information actually collected from them, confirming they have not suffered a concrete injury sufficient to establish Article III standing. *Second*, Plaintiff Nino's CIPA claims against Arby's remain time-barred because the TAC still does not plead facts supporting delayed discovery, fraudulent concealment, or reasonable diligence. *Third*, Plaintiffs' Section 631(a) wiretapping claims fail for the same reason the Court previously dismissed them: Plaintiffs do not allege facts showing that the contents of any communication were intercepted while in transit. And even if the Court denies Defendants' Motion, it should require a more definite statement under Rule 9(b) and 12(e) because Plaintiffs continue to plead claims collectively against "Defendants," leaving the Court and Defendants to guess which Plaintiff asserts which claims

against which Defendant based on which Website.

For these reasons, Defendants respectfully request that the Court dismiss Plaintiffs' TAC entirely for lack of Article III standing, dismiss Plaintiff Nino's CIPA claims against Arby's with prejudice, dismiss Plaintiffs' Section 631(a) claims with prejudice, or, at a minimum, require Plaintiffs to provide a more definite statement of their claims.

## II. STATEMENT OF ISSUES TO BE DECIDED

1. Do Plaintiffs have Article III standing?
2. Are Plaintiff Nino's CIPA claims against Arby's time-barred?
3. Do Plaintiffs plausibly allege a CIPA Section 631(a) wiretapping claim against Defendants?
4. Should Plaintiffs be required, in the alternative, to provide a more definite statement under Federal Rule of Civil Procedure 9(b) and 12(e) because the TAC still fails to clearly identify which Plaintiff asserts which cause of action against which Defendant?

## III. RELEVANT BACKGROUND

### A. Procedural History.[1]

Plaintiffs filed their initial Complaint—erroneously styled as their First Amended Complaint—on August 18, 2025, asserting claims for (1) invasion of privacy or intrusion upon seclusion; (2) a violation of the California Invasion of Privacy Act ("CIPA"), California Penal Code § 631(a); (3) a violation of CIPA, California Penal Code § 638.51, (4) fraud, deceit and/or misrepresentation, (5) unjust enrichment, and (6) trespass to chattels. [Dkt. No. 35]. On October 1, 2025, Defendants filed their initial Motion to Dismiss and Strike Plaintiffs' Complaint arguing, in part, that Plaintiffs failed to plead their fraud-based claims with sufficient particularity, they lacked Article III standing, many of Plaintiffs' CIPA claims were time barred, and Plaintiffs otherwise failed to state a claim upon which relief could be granted. [Dkt. No. 45.]

On December 22, 2025, this Court granted Defendants' initial Motion to Dismiss and denied the Motion to Strike (the "Compl. Order"). [Dkt. No. 50.] Significantly, the Court held that the

[1] As this Court is already familiar with the factual background, and Plaintiffs have made minimal—if any—substantive amendments in the TAC, Defendants refer the Court to the factual background sections in their prior motions. [*See* Dkt. Nos. 45, 61.]

Complaint in its entirety, including all six causes of action, was subject to Rule 9(b)'s heightened pleading standard and failed to satisfy that standard. Compl. Order at 8. The Court further found Plaintiffs' CIPA wiretapping allegations deficient because the Complaint did not explain "how the software works or how the interception occurs," and held that Plaintiffs' "mere assertion" that a contemporaneous interception occurred, unsupported by factual allegations, was insufficient to state a claim. *Id.* at 15. The Court also dismissed Plaintiff de Ayora's CIPA claims against Baskin-Robbins, Dunkin', and Jimmy John's as time-barred, while granting leave to amend to the extent de Ayora could allege facts establishing timely notice to those Defendants. *Id.* at 12. As to Plaintiff Wiley, the Court likewise found her CIPA claims against Baskin-Robbins, Dunkin', and Jimmy John's untimely, but further concluded that she could not allege facts sufficient to support equitable tolling. Accordingly, those claims were dismissed with prejudice. *Id.* at 13.

On February 6, 2026, Plaintiffs filed their Second Amended Class Action Complaint ("SAC") [Dkt. No. 54][2], and Defendants again moved to dismiss [Dkt. No. 61]. On June 8, 2026, this Court granted Defendants' Motion to Dismiss in part and denied it in part, further narrowing the case (the "SAC Order"). [Dkt. No. 69]. First, the Court again dismissed de Ayora's CIPA claims against Baskin-Robbins, Dunkin', and Jimmy John's, but this time *with prejudice* because he again failed to plead timely notice to those defendants. SAC Order at 7. The Court further held that Plaintiff Nino's CIPA claims against Arby's were time-barred but granted leave to amend. *Id.* at 9-10. The Court also dismissed Plaintiffs' Section 631(a) wiretapping claim against all Defendants with leave to amend finding Plaintiffs still failed to plead the required "contents" of any intercepted communication. *Id.* at 10-12. The Court recognized that some categories of information Plaintiffs listed "could constitute contents," but held that the pleading did not allege that Plaintiffs' own contents, "as opposed to mere record information," were tracked. *Id.* at 11-12 ("In the absence of any allegation that plaintiffs themselves interacted with the websites in a manner that involved communications whose contents could have been intercepted, they fail to plead the elements of a valid wiretapping claim."). *Id.* at 12.

[2] Pursuant to the Court's order, Defendants will refer to Plaintiff's amended complaint at Dkt. No. 54 as the Second Amended Complaint.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

### B. Plaintiffs' Newly Added Allegations Relate to Dismissed Claims and Are Otherwise Insufficient.

On July 24, 2026, Plaintiffs filed their Third Amended Class Action Complaint against the Defendants ("TAC"). [Dkt. No. 73.] Just like the two pleadings that came before it, the TAC still fails to allege any substantive facts describing Plaintiffs' own experiences or interactions with the Websites that could somehow constitute "contents" under the CIPA wiretapping statute or demonstrate concrete or material harm. Instead, Plaintiffs offer more generic, vague, and curiously identical allegations about their visits to the Websites. While they are still unable to recall the specific date of any visit to any particular Website, Plaintiffs now parrot claims that they navigated to these Websites "by browsing menus" and promotional offerings, clicking links and searching for nearby locations. *See* TAC ¶¶ 172-175; 184-186; 195-196; 205. Plaintiffs now identically allege that for each and every Website they "entered or otherwise provided" location information to view "location specific pricing and nearby store locations." *See id.* Plaintiff Wiley now also alleges that she entered "search terms" during her visit to a Website, although she does not allege what (if anything) she input into the Website. *See* TAC ¶¶ 184-186 (Wiley).

As an initial matter, many of the newly added allegations are irrelevant or factually flawed. For example, both Plaintiff de Ayora and Wiley added allegations related to their visits to the Baskin-Robbins, Dunkin' and Jimmy John's Websites, even though their CIPA claims against those Defendants have already been dismissed ***with prejudice***.[3] *See* TAC ¶¶ 173-175; 184-186; *but see* Compl. Order at 13; SAC Order at 7-8. And Plaintiff Wiley also allegedly entered "search terms" during her visits, even though a search function does not exist on the Websites she allegedly visited. TAC ¶¶ 184-186; *see also* www.jimmyJohn's.com (no search function or field), www.baskinrobbins.com (same); www.dunkindonuts.com (same).[4] As for the location

[3] For clarity, charts identifying the status of each individual Plaintiff's claims against each specific Defendant after the Court's SAC Order is attached hereto as **Exhibit 1**.

[4] A court may consider certain materials, such as documents incorporated by reference in the complaint, without converting a motion to dismiss into a motion for summary judgment. *See U.S. v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). The Websites have undoubtedly been incorporated into the TAC. *See, e.g.*, TAC ¶ 1 ("When consumers visit Defendants' ecommerce websites (www.arbys.com, or the "Arby's Website"); www.baskinrobbins.com, or the "Baskin Robbins Website"; www.dunkindonuts.com, or the "Dunkin Website"; www.jimmyJohn's.com, or the "Jimmy John's Website;" and order.sonicdrivein.com, or the "Sonic Drive-In Website," each a



BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

information, other than Plaintiff Gershzon, Plaintiffs do not explicitly allege that they actually input their location information into the Website, as opposed to clicking buttons or agreeing to allow the website to find their general location. *See, e.g.*, TAC ¶ 186 (alleging vaguely that Plaintiffs "entered location information ***and/or otherwise provided location information***") (emphasis added).

Although Plaintiff Nino alleges that he visited all of the Websites, the only new allegations added to the TAC concern his visit to the Arby's Website. *See id.* ¶¶ 205-209. Significantly, Plaintiff Nino continues to allege that he visited Arby's Website only in August and/or September 2021, a period during which no cookie banner was displayed on the Website. In an effort to revive his CIPA claims against Arby's after the Court dismissed them as time-barred, Plaintiff Nino adds only a single, conclusory paragraph alleging that he lacks sufficient technical expertise and therefore did not discover the alleged conduct until "on or around March 31, 2025," when his counsel purportedly informed him of Defendants' privacy violations. *See id.* ¶ 228.

## IV. LEGAL STANDARD

To withstand a motion to dismiss under Rule 12(b)(6), a complaint must set forth factual allegations sufficient "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (holding that threadbare allegations and conclusory statements are insufficient to withstand scrutiny). Pleadings that contain "no more than conclusions … are not entitled to the assumption of truth" that would be otherwise applicable on a motion to dismiss. *Iqbal*, 556 U.S. at 679. Thus, the Court need not "accept as true… allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Sciences Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)).

A party "may move for a more definite statement of a pleading . . . which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e); *Cellars v.*

---

"Website" and, collectively, the "Websites"), Defendants display to them a popup cookie consent banner…").

*Pac. Coast Packaging, Inc.*, 189 F.R.D. 575, 578 (N.D. Cal. 1999) (Rule 12(e) motion appropriate where a complaint is "so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith or without prejudice to himself"). Rule 12(e) is the Supreme Court's prescribed remedy for exactly the situation Defendants face here: "If a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e) before responding." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). Rule 12(e) relief is appropriate in the face of the "shotgun" pleading style at issue here. "Shotgun pleadings are pleadings that overwhelm defendants with an unclear mass of allegations and make it difficult or impossible for defendants to make informed responses to the plaintiff's allegations." *Sollberger v. Wachovia Sec., LLC*, 2010 WL 2674456, at *4 (C.D. Cal. June 30, 2010). Shotgun pleading can take the form of "a complaint that is replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action;" or "a complaint that asserts multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Gibson v. City of Portland*, 165 F.4th 1265, 1288 (9th Cir. 2026). "Shotgun pleading undermines a fundamental purpose of Rule 8, which is to provide defendants with adequate notice of the plaintiff's claims, including the facts and the legal basis for relief." *Id.* at 1290. Further, "accepting such a pleading is inconsistent with Rule 1's dictate that the Federal Rules should 'promote the just, speedy, and inexpensive determination of every action and proceeding.'" *Id.* Such shotgun pleading is even more problematic in a case, like this, where specific pleading under Rule 9(b) is required. *See, e.g.*, *Syntelco Ltd. v. Reish*, 2017 WL 11513278, at *6 (D. Ariz. Aug. 28, 2017) ("Because Plaintiff fails to provide sufficient factual detail alleging the 'who, what, when, where, and how' the fraud occurred, as required by Rule 9(b), the Court will grant Defendant's request for a more definite statement of those claims.")

## V. ARGUMENT

### A. Plaintiffs' New Allegations Confirm They Have No Concrete Privacy Injury Sufficient for Article III Standing.

Defendants recognize that the Court has previously considered *Popa v. Microsoft Corp.*,

Baker & Hostetler LLP
Attorneys at Law
Los Angeles

153 F.4th 784 (9th Cir. 2025), and rejected Defendants' argument that Plaintiffs failed to allege a cognizable privacy injury. *See* Compl. Order at 3-5; SAC Order at 6. Respectfully, however, Defendants ask the Court to reconsider that conclusion in light of the TAC's new allegations, which only underscore that Plaintiffs have not suffered a concrete privacy injury sufficient to establish Article III standing.[5]

From the outset of this case, Plaintiffs have broadly alleged that third-party cookies collected a sweeping array of supposedly sensitive information, including browsing history, visit history, referring URLs, interests, preferences, and other historical online activity during visits to Defendants' fast-food restaurant Websites. *See* Compl. ¶ 52. Based on those generalized allegations, the Court distinguished *Popa*, reasoning that the information allegedly collected here was "more intrusive" than the information at issue there while also relying on the alleged banner misrepresentation as a distinguishing factor. Compl. Order at 4.

Respectfully, that analysis focuses on what Plaintiffs speculate the Websites *could have collected*, rather than what they allege was *actually collected* from them during their visits to the Websites. But *Popa* rejected precisely that type of theory. There, the plaintiff alleged that Microsoft Clarity was capable of collecting more than "30 different categories" of information during her visit to a pet-store website. *Popa*, 153 F.4th at 786. Yet the Ninth Circuit did not treat technology's potential data-collection capabilities as dispositive. Instead, the court examined whether any specific information that was ***actually collected*** was embarrassing, invasive, or otherwise implicated a protectable privacy interest. *See id.* at 791. The Ninth Circuit's analysis confirms that a court cannot infer a concrete privacy injury merely from a technology's ability to collect information. Indeed, the court expressly recognized that some of the categories collected by

[5] As the Court previously noted, Plaintiffs' standing depends on whether they "suffered an injury in fact that is concrete, particularized, and actual or imminent." *See* Compl. Order at 3 (citing *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021)); *see also Popa v. Microsoft Corp.*, 153 F.4th 784, 793 (9th Cir. 2025) (confirming *Spokeo* and *TransUnion* require "a plaintiff to demonstrate more than just a statutory violation when evaluating whether a plaintiff has alleged a concrete injury."). To establish Article III standing, Plaintiffs must "identify the specific personal information" that "implicates a protectable privacy interest" that was intercepted by or improperly disclosed to a third party. *Byars v. Sterling Jewelers, Inc.*, 2023 WL 2996686, at *1 (C.D. Cal. Apr. 5, 2023) (finding lack of Article III standing where "[p]laintiff does not identify any personal or sensitive information she disclosed on the website"); *Popa,* 153 F.4th at 793.

Microsoft Clarity "*could be offensive* in [other] circumstances" such as the collection "sensitive medical or financial information." *Id.* at 792. In other words, the relevant inquiry is not what information a tracking technology is capable of collecting, but what information was actually collected from the plaintiff. Because the plaintiff in *Popa* failed to identify any such embarrassing, invasive, or otherwise private information, the Ninth Circuit found no concrete privacy injury. Plaintiffs have likewise failed to do so here.

As in their prior pleadings, Plaintiffs again recite an ever-growing list of categories of information that the challenged technology allegedly *could* collect during a visit to the Websites, including browsing history, visit history, website interactions, user-input data, demographic information, interests and preferences, shopping behavior, device information, referring URLs, session information, user identifiers, and geolocation data. *See, e.g.*, TAC ¶¶ 40, 56. But the TAC confirms that these allegations remain entirely generalized and untethered to any particular Plaintiff. Indeed, even while attempting to salvage their CIPA § 631(a) claims, Plaintiffs still do not allege what information was actually collected from any Plaintiff during any visit to the Websites. Instead, they rely on vague assertions that they "browsed" the Websites, "provided location information" and in the case of Plaintiff Wiley, entered some "search terms." *See, e.g.*, TAC ¶¶ 175, 184, 195, 205. Not one Plaintiff identifies any actual browsing history that was collected, any actual referring URL that was transmitted, any actual search term that was disclosed, or any other specific private information that was intercepted or shared with a third party.

That omission is telling. If Plaintiffs' standing theory truly depends on the collection of information materially different from the ordinary website-interaction data discussed in *Popa*, one would expect them to identify at least *one example* of such information. They cannot.[6] The TAC therefore provides no factual basis to conclude that Defendants collected the vast trove of supposedly private information that Plaintiffs repeatedly reference, much less information materially different from the ordinary website-interaction data that *Popa* held insufficient to constitute a concrete privacy injury. *See Blackhawk Network, Inc.*, 2026 WL 925028, at *5 (C.D.

[6] That they cannot is not surprising given the types of Websites at issue. In fact, it would have to be a highly unique and individualized circumstance that a visit to a fast-food restaurant website would give rise to a privacy claim.





BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

Cal. Apr. 1, 2026) ("Plaintiff has not made any allegations that the information collected, or its reach, would have been highly offensive. As in *Popa*, Plaintiff identifies 'no embarrassing, invasive, or otherwise private information' that was shared."). After several opportunities to amend, Plaintiffs still cannot identify a single instance in which any such information was actually collected from them. At some point, the absence of specifics ceases to be a pleading deficiency and becomes confirmation that the purported distinction from *Popa* does not exist.

Plaintiffs also continue to rely on alleged misrepresentations to establish a reasonable expectation of privacy, a theory that appears central to the Court's prior standing analysis. But Defendants are unaware of any binding authority holding that an alleged misrepresentation about tracking, standing alone, creates a reasonable expectation of privacy sufficient to support a concrete injury. To the contrary, the cases cited by the Court evaluated both the alleged misrepresentation ***and*** the nature, scope, and sensitivity of the information collected. *See Hammerling v. Google*, 615 F. Supp. 3d 1069, 1089-90 (N.D. Cal. 2022) ("Plaintiffs have plausibly alleged a reasonable expectation of privacy because Google allegedly collected ***potentially sensitive data*** while users might not expect that Google was tracking them.") (emphasis added); *In re Facebook, Inc. Internet Tracking Litig*., 956 F.3d 589, 603, 605 (9th Cir. 2020) ("*In re Facebook*") (finding reasonable expectation of privacy based on Facebook's alleged collection of "an ***enormous amount*** of individualized data" constituting an individual's "comprehensive browsing history" by collecting "URLs of third-party websites … ***operating outside of Facebook's platform***," including sensitive data about plaintiff's visits to sensitive or embarrassing websites) (emphasis added); *Calhoun v. Google LLC*, 526 F. Supp. 3d 605, 629 (N.D. Cal. 2021) (considering "the amount of data collected, the sensitivity of the data collected, and the nature of the data collection" and "Google's representations"). Consistent with those decisions, *Popa* examined ***both*** the tracking technology and the specific data allegedly collected before concluding that the plaintiff had not suffered a concrete privacy injury. *Popa*, 153 F.4th at 786, 791.

Here, the TAC still contains no factual allegations showing that Defendants collected sensitive information, amassed a comprehensive browsing history, or engaged in data-collection practices remotely comparable to those at issue in *Hammerling*, *In re Facebook*, or *Calhoun*. Nor

does the TAC explain how the amount, nature, or sensitivity of the information allegedly collected resulted in the "egregious privacy violations" that Plaintiffs repeatedly invoke. Absent allegations of private or sensitive information collection, the conduct described in the TAC is more akin to a retailer tracking customer foot traffic or a grocery store associating purchases with a customer's phone number. *See Khamooshi v. Politico*, 2025 WL 2822879, at *3-4 (N.D. Cal. Oct. 2, 2025) (relying on *Popa* in holding that plaintiffs failed to allege a concrete privacy injury sufficient to establish Article III standing).

Because Plaintiffs still fail to allege the collection or disclosure of any specific private or sensitive information, they have not plausibly alleged a concrete injury in fact. They therefore lack Article III standing to pursue any of their claims.

**B. <u>Plaintiff Nino's CIPA Claims Against Arby's Are Time-Barred.</u>**

Plaintiff Nino's CIPA claims against Arby's are time-barred and should be dismissed with prejudice. CIPA imposes a statute of limitations of one year, which begins to run at the time of the alleged collection. *See Brodsky v. Apple, Inc.*, 445 F. Supp. 3d 110, 134 (N.D. Cal. 2020). Defendants may raise a defense of statute of limitations by a motion to dismiss where, as here, "the running of the statute is apparent on the face of the complaint." *A.B. by & Through Turner v. Google LLC*, 737 F. Supp. 3d 869, 877-78 (N.D. Cal. 2024). Plaintiff Nino continues to allege that he visited Arby's Website around August and/or September 2021. *See* TAC ¶ 205. Thus, the one-year statute of limitations for his CIPA claims against Arby's expired one year later in August or September 2022—years before the initial complaint was filed. *See Brodsky*, 445 F. Supp. 3d at 134.

Plaintiff Nino's second attempt to invoke the delayed discovery rule fares no better than his first.[7] As this Court noted in its prior Order, a plaintiff invoking the delayed discovery rule must show "(1) the time and manner of discovery and (2) the inability to have made earlier discovery despite reasonable diligence." SAC Order at 8 (citing *Javier v. Assurance IQ, LLC,* 649 F. Supp. 3d 891, 901 (N.D. Cal. 2023)). Although Plaintiff Nino now alleges when he purportedly learned of his alleged injury, he still fails to plead any facts regarding the *manner* of that discovery or what

[7] Plaintiff Nino abandons his argument that the statute of limitations was tolled via fraudulent concealment. *See* TAC ¶ 228 ("The delayed discovery rule applies to Plaintiff Nino's claims."); SAC Order at 9 (rejecting fraudulent concealment theory).



BAKER & HOSTETLER LLP ATTORNEYS AT LAW LOS ANGELES

he did during the years between his 2021 visit to the Arby's Website and his counsel's apparent investigation to uncover the alleged violation. As the Court previously observed, "Nino does not plead any facts showing that he acted diligently in trying to uncover the facts which gave rise to his claim." SAC Order at 9. The TAC does nothing to cure that defect. Plaintiff Nino does not allege that he investigated Arby's Website, reviewed his browser history or internet activity, utilized available browser tools, sought information regarding the Website's functionality, or otherwise undertook any effort that might demonstrate diligence. Instead, he alleges only that he lacked technical expertise and remained unaware of the alleged conduct until his attorneys informed him of it. *See* TAC ¶¶ 215, 228. Such conclusory allegations are insufficient as a matter of law. Courts routinely reject efforts to invoke the delayed discovery rule based on generalized assertions of ignorance untethered to any allegations of diligent investigation. *See Javier*, 649 F. Supp. 3d at 901 (plaintiff failed to plead sufficient facts to invoke the delayed discovery rule); *O'Neill v. Cal. Physicians' Serv.*, 2025 WL 3207416, at *6 (N.D. Cal. Nov. 17, 2025) ("Conclusory allegations of diligence cannot suffice.").

Moreover, Plaintiff's theory is particularly implausible because the TAC itself alleges that website activity can be analyzed through ordinary tools readily available to internet users. *See* TAC ¶ 215 (referencing Chrome Developer Tools). Having affirmatively alleged the existence of such readily accessible means of investigation, Plaintiff must plead facts showing what efforts he undertook to use those tools, when he undertook those efforts, and why those efforts failed to reveal the alleged violation. He pleads none of those facts. A plaintiff cannot establish reasonable diligence by acknowledging the existence of investigative tools while alleging only that he lacked the expertise to use them and waited for counsel to discover the claim on his behalf.

Because Plaintiff Nino again fails to allege facts demonstrating that he could not have discovered the basis for his claims earlier despite the exercise of reasonable diligence, the delayed discovery rule does not apply. As such, his CIPA claims arising from his 2021 visits to the Arby's Website remain time-barred and should be dismissed ***with prejudice***.[8]

---

[8] In fact, Plaintiff Nino's CIPA § 631(a) claims against the remaining Defendants should also be dismissed with prejudice. In its prior Order, the Court dismissed those claims without prejudice and expressly identified the pleading deficiencies that Plaintiff needed to address. *See* SAC Order at



BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

**C. Plaintiffs' CIPA § 631(a) Wiretapping Claims Still Fail**

California Penal Code section 631(a) prohibits a defendant from either directly engaging in, or aiding another in engaging in, one of three forms of conduct: (1) "intentional wiretapping," (2) "willfully attempting to learn the contents or meaning of a communication in transit over a wire," or (3) using or "attempting to use or communicate information obtained as a result of engaging in either of the previous two activities." *D'Angelo v. FCA US, LLC*, 726 F. Supp. 3d 1179, 1196 (S.D. Cal. 2024) (*citing Tavernetti v. Super. Ct.*, 22 Cal. 3d 187, 192 (1978)); *see also* Compl. Order at 13-14. In order to impose liability under an aiding-and-abetting theory, Plaintiffs must first plausibly allege that a third party committed a predicate violation of one of the first three clauses. *See Williams v. What If Holdings, LLC*, 2022 WL 17869275, at *2 (N.D. Cal. Dec. 22, 2022) (an aiding-and-abetting defendant's liability is "based entirely on whether [a third party] violated Section 631(a) in some way.").

Even after two rounds of amendment and explicit guidance from this Court regarding the allegations necessary to state a viable claim, Plaintiffs' CIPA wiretapping claim still fails. The TAC still fails to plausibly allege that Defendants intercepted any communication while it was in transit, much less that they intercepted the contents of any communication. Accordingly, their CIPA § 631(a) claim should be dismissed with prejudice.

*1. Plaintiffs Fail to Allege Any Content Was Intercepted*

The second clause[9] of Section 631(a) is violated only where a third party "reads, or attempts to read, or to learn the ***contents*** or meaning ***of any message, report, or communication*** while the same is in transit." *Jones v. Tonal Sys., Inc.*, 2024 WL 4357558, at *4 (S.D. Cal. Sept. 30, 2024) (emphasis added). In dismissing Plaintiffs' § 631(a) claim for the second time, the Court explained:

---

11-12. Yet, Plaintiff Nino added no new factual allegations whatsoever concerning his visits to the Baskin-Robbins, Dunkin', Jimmy John's, or Sonic Websites. *See* TAC ¶¶ 206-209. Instead, Plaintiff merely repeats the same allegations that the Court previously found insufficient. Having been afforded an opportunity to amend and having failed to cure the identified deficiencies, Plaintiff Nino's CIPA wiretapping claims against those Defendants should now be dismissed with prejudice.

[9] Given that this Court previously recognized that the gravamen of Plaintiffs' arguments goes to the alleged violations of the second clause by third parties (*see* Compl. Order at 14) and the TAC alleges no new facts indicating that Defendants engaged in any telephonic conduct, Plaintiffs do not appear to assert a claim under the first clause of § 631(a).

> Plaintiffs fail to allege that their contents, as opposed to mere record information, were tracked. Here, Plaintiffs allege that Defendants tracked them after Plaintiffs attempted to decline cookies, ***but don't allege engaging in any communications with the websites or otherwise generating any content***. In the absence of any allegation that plaintiffs themselves interacted with the websites in a manner that involved communications whose contents could have been intercepted, they fail to plead the elements of a valid wiretapping claim.

SAC Order at 11-12 (emphasis added). The Court also expressly rejected Plaintiffs' boilerplate allegations that third parties surreptitiously obtained their "browsing history, visit history, website interactions, user input data, demographic information, interests and preferences, shopping behaviors, device information, referring URLs, session information, user identifiers, and/or geolocation data" through cookies, holding that such assertions are inadequate ***without supporting factual allegations***. *See id.* at 12 n.11 (emphasis added).

Plaintiffs have once again ignored the Court's guidance. As before, Plaintiffs do not plead any facts showing that they engaged in website interactions that generated communicative content capable of being intercepted. *See, e.g.,* TAC ¶¶ 170-175, 182-186, 193-197, 203-209 (amended paragraphs in Plaintiffs' Experiences section of the TAC). Instead, each Plaintiff adds *nearly identical* allegations that they visited various Websites to review or compare "menu offerings, pricing, promotional campaigns, and delivery options." *See* TAC ¶¶ 170-175 (de Ayora), 182-186 (Wiley), 193-197 (Gershzon), 203-209 (Nino). During those visits, Plaintiffs allegedly navigated the Websites by "browsing menus, promotions, and other webpages, clicking links, and reviewing content," and similar activities. *See id.* But browsing webpages or clicking links is not the same as sending a communication whose contents could be intercepted. Indeed, Plaintiffs never identify any specific communication, any communicative content, what information was allegedly intercepted, who intercepted it, when the interception occurred, or how it occurred. Instead, they offer only the conclusory assertion that unidentified third parties allegedly received unspecified "user data" through unspecified cookies or tracking technologies. *See id.* ¶¶ 178, 189, 199, 212. These allegations are no more sufficient than those previously rejected by the Court. As other courts have likewise recognized, undefined button clicks and page views, particularly on third-party websites, do not convey an "intended message" and therefore fall outside Section 631(a). *See Yoon v. Lululemon USA, Inc.*, 549 F. Supp. 3d 1073, 1082 (C.D. Cal. 2021) (finding "keystrokes, mouse

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

clicks, pages viewed, and shipping and billing information ... [and] the date and time of the visit, the duration of the visit, Plaintiff's IP address, her location at the time of the visit, her browser type, and the operating system on her device" are not "contents" under Section 631(a)); *Wiley v. Universal Music Grp., Inc.*, 826 F. Supp. 1121, 1136 (N.D. Cal. 2025) ("The problem with plaintiffs' wiretapping claim, however, is that plaintiffs do not specifically allege that *their* communications were intercepted by any third parties."); *Sprewell*, 266 F.3d at 988 ("Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences.").

Plaintiffs' new allegations regarding "location information" fare no better. For the first time, Plaintiffs now allege, in conclusory fashion, that they entered or otherwise provided location information to locate nearby restaurants, view location-specific pricing or promotions, or access store locator features. *See id.* ¶¶ 170-175 (de Ayora), 182-186 (Wiley), 193-197 (Gershzon), 203-209 (Nino). Rather than cure the defect the Court identified, these allegations only reinforce it. In prior iterations of the complaint, Plaintiffs alleged that Defendants collected *broad categories of purportedly sensitive information*, including "browsing history, visit history, website interactions, user input data, demographic information, interests and preferences, shopping behaviors, device information, referring URLs, session information, user identifiers, and/or geolocation data." *See id.* ¶ 3. Yet when the Court afforded Plaintiffs another opportunity to specify what information they actually communicated to the Websites, Plaintiffs identified virtually nothing. Instead, they retreated to the vague assertion that they provided "location information."

That allegation falls far short of pleading the interception of communication contents under Section 631(a). To the extent Plaintiffs refer to entering a city, ZIP code, address, or similar location information (not necessarily their own), that information is no more communicative than "addressing" header information and, at best, indicates nothing more than a desire to find nearby restaurant locations. It bears no resemblance to the substantive communications that courts have found capable of constituting "contents" under Section 631(a). *Cf. Doe v. Tenet Healthcare Corp.*, 789 F. Supp. 3d 814, 837–38 (E.D. Cal. 2025) (finding "search queries…in the form of 'full-string URLs' containing their [protected health information] and [personally identifying information]"

are "contents"); *Byars v. Goodyear Tire & Rubber Co.*, 654 F. Supp. 3d 1020, 1027 (C.D. Cal. 2023) (finding chat conversations held over a website where website visitors shared sensitive personal information were "contents"). Plaintiffs cannot convert entering a zip code to garner nearby restaurant locations into a wiretapping claim that requires substantive content communications.

Plaintiffs' allegations also remain hopelessly vague. They ambiguously allege that they "entered … and/or otherwise provided location information" during their visits to the Websites. *See* TAC ¶¶ 172-175; 184-186; 195-196; 205. They never explain what specific information they allegedly entered, how they provided it, or where they provided it. Those bare allegations fall far short of the pleading standard required by Rule 9(b), which this Court has already held applies to Plaintiffs' entire complaint. *See* Compl. Order at 6-8. Indeed, Plaintiffs' use of the phrase "and/or otherwise provided location information" obscures rather than clarifies the alleged conduct. The TAC leaves the Court and Defendants to guess whether Plaintiffs typed information into a field, clicked a location-related button, enabled device-location services, or engaged in some other unidentified activity.[10]

After three attempts to plead a viable claim, Plaintiffs still cannot identify any communication whose contents Defendants or any third party allegedly intercepted. Because Plaintiffs have already amended twice and still fail to allege facts with particularity under 9(b) sufficient to state a Section 631(a) wiretapping claim, the Court should dismiss the claim with prejudice.

*2. <u>Plaintiffs Fail to Allege That Any Communication was Intercepted While In Transit</u>*

Even if Plaintiffs did plead the contents of a communication—which they did not—they

[10] Plaintiff Wiley is the *only* plaintiff to plead a bit more—that during her visits she "searched" the Websites and "entered search terms." *See* TAC ¶¶ 184-186. But still Plaintiff Wiley does not identify the terms she entered, where she entered them, or whether the Websites even permitted such searches. *See id.* It is otherwise irrelevant though given that Plaintiff Wiley's CIPA claims have already been dismissed with prejudice. *See* Compl. Order at 12-13. No other Plaintiff alleges that he or she entered "search terms" into any user-input field on any Website, much less created an account, completed a purchase, submitted payment information, exchanged messages, or transmitted any other substantive communication.



BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

otherwise fail to plausibly allege that any communication was intercepted while "in transit." As the Ninth Circuit has made clear, interception under Section 631(a) requires acquisition of a communication during transmission. *See Konop v. Hawaiian Airlines, Inc.*, 302 F.3d 868, 878 (9th Cir. 2002) ("This conclusion is consistent with the ordinary meaning of 'intercept,' which is 'to stop, seize, or interrupt in progress or course before arrival.'"). Accordingly, the Court provided clear guidance on the facts required to survive a pleading challenge. *See* Compl. Order at 15 ("But none of these paragraphs include…a description of 'how the software works or how the interception occurs.'"). Plaintiffs have failed to follow those instructions, and just like their original complaint, the TAC lacks key facts about any interception that occurred during the transmission of Plaintiffs' data.

While the TAC includes an entire section purporting to explain how third parties allegedly intercepted user communications "while in transit" (TAC ¶¶ 152-63), these allegations are insufficient. Plaintiffs concede that the third party operates on data only *after it is transmitted* from the user's browser (*id.* ¶ 157), and that any reading and analysis of incoming information occurs "immediately upon receipt" to validate or filter data (*id.* ¶ 155). Plaintiffs also allege that third parties use real-time analytics to "interpret the data" and determine its "meaning and significance," but again only as part of processing incoming data streams. *Id.* ¶ 156. Thus, under Plaintiffs' own allegations, third parties interpret information only when they receive it, not while it is in transit. And Plaintiffs' repeated invocation of the term "intercept" or "real-time" cannot save this claim either. Courts have consistently held that such boilerplate allegations are insufficient. *See Rodriguez v. Google LLC*, 2022 WL 214552, at *1-2 (N.D. Cal. 2022) ("Using the word 'intercept' repeatedly is simply not enough without the addition of specific facts that make it plausible Google is intercepting their data in transit."); *Rosenow v. Facebook, Inc.*, 2020 WL 1984062, at *7 (S.D. Cal. 2020) (dismissing wiretap claim where allegations of interception "in transit" were conclusory); *In re Vizio, Inc., Consumer Priv. Litig.*, 238 F. Supp. 3d 1204, 1228 (C.D. Cal. 2017) (dismissing wiretap claim because the "conclusory allegation that Vizio intercepted their electronic communications 'during transmission'" was only supported by "vague allegations about how Vizio's data collection occurs in real-time.").

## VI. IN THE ALTERNATIVE, PLAINTIFFS SHOULD BE REQUIRED TO PROVIDE A MORE DEFINITE STATEMENT UNDER RULE 12(E)

In the alternative, if the Court denies Defendants' Motion, it should require Plaintiffs to provide a more definite statement under Rule 12(e). The TAC remains so jumbled, vague, and ambiguous that Defendants cannot reasonably determine which Plaintiff asserts which cause of action against which Defendant based on visits to which Website. Despite three iterations of the complaint and two prior dismissal orders narrowing the claims at issue, the TAC still fails to identify clearly which claims remain in the case. Plaintiffs allege visits to five different Websites operated by multiple Defendants, yet they continue to lump all "Defendants" together and plead their causes of action collectively. *See, e.g.*, TAC ¶¶ 237-311. This collective pleading creates a particularly acute problem because the Court has already dismissed certain claims by certain Plaintiffs against certain Defendants. *See* SAC Order at 7-10 (dismissing Plaintiff de Ayora's CIPA claims against Baskin-Robbins, Dunkin', and Jimmy John's with prejudice, and dismissing Plaintiff Nino's CIPA claims against Arby's with leave to amend).

The operative complaint serves a critical function. It defines the scope of the litigation, shapes discovery, frames class-certification issues and identifies the claims that will proceed to dispositive motions and trial. *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1292 (9th Cir. 2000) ("A complaint guides the parties' discovery, putting the defendant on notice of the evidence it needs to adduce in order to defend against the plaintiff's allegations."); *Roberts v. Wyndham International, Inc.*, 2012 WL 6001459, at *8 (N.D. Cal. Nov. 29, 2012) ("[T]he court has only Plaintiffs' pleadings before it. Those pleadings define the two classes . . .").

That is precisely the problem here. Although the Court dismissed Plaintiff de Ayora's CIPA claims against Baskin-Robbins, Dunkin', and Jimmy John's *with prejudice*, the TAC continues to plead those causes of action collectively without identifying which Plaintiff asserts which claim against which Defendant or which Website. *See* TAC ¶¶ 259-289. The same ambiguity permeates the pleading. The TAC never clearly identifies which claims survived the Court's prior rulings, which Defendants remain subject to those claims, or which Website provides the factual basis for each claim. Instead, Defendants and the Court must compare the TAC against prior orders and

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

piece together the operative claims themselves, which is inefficient and unmanageable. *See Mason v. Cnty. of Orange*, 251 F.R.D. 562, 563-64 (C.D. Cal. 2008) ("Experience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice.") (citations omitted).

The Court and Defendants should not have to reconstruct Plaintiffs' claims from scattered allegations and prior rulings. Plaintiffs should bear the burden of clearly identifying their own claims. At a minimum, the operative complaint must specify which Plaintiff asserts which cause of action against which Defendant based on which Website. The fact that Defendants had to create a chart simply to understand the scope of the case confirms that the TAC fails to provide the clear notice Rule 8 requires. Accordingly, if the Court denies Defendants' Motion to Dismiss, it should require Plaintiffs to file a more definite statement identifying, for each Plaintiff, each Defendant, and each Website: (1) the causes of action asserted and (2) whether those claims remain following the Court's prior rulings.

## VII. CONCLUSION

Plaintiffs' TAC remains garbled and riddled with fundamental and incurable defects. Accordingly, Defendants respectfully request that the Court dismiss the TAC in its entirety for lack of Article III standing. At the very least, Plaintiff Nino's CIPA claims against Arby's and all of Plaintiffs' remaining wiretapping claims should be dismissed with prejudice. In the alternative, Defendants respectfully request that this Court require Plaintiffs to file a more definite statement of their claims, identifying, for each Plaintiff, Defendant, and Website, the causes of action asserted.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

Dated: August 21, 2026

Respectfully submitted,

**BAKER & HOSTETLER LLP**

By: */s/ Kamran B. Ahmadian*
Bethany G. Lukitsch
Alexis Cruz
Kamran B. Ahmadian

*Attorneys for Defendants*
INSPIRE BRANDS, INC., ARBY'S RESTAURANT GROUP, INC., JIMMY JOHN'S FRANCHISOR SPV, LLC, SONIC INDUSTRIES SERVICES, LLC, and DUNKIN' BRANDS, INC.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES